## Commonwealth *v.* Somershoe, Appellant.

Argued June 10, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Charles H. Dorsett, Jr.,* with him *Eastburn and Gray,* for appellant.

*Stephen B. Harris,* Assistant District Attorney, with him *Ward F. Clark,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, September 18, 1970:

Judgment of sentence affirmed, and the defendant is directed to appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with the sentence, or any part thereof which had not been performed at the time the appeal was made a supersedeas.

---

DISSENTING OPINION BY HOFFMAN, J.:

Appellant, together with a Charles Moltesen, was tried before a jury on charges of burglary, larceny, receiving stolen goods, conspiracy, and possession of burglary tools. During the trial, two of the jurors became ill, and Moltesen requested and was granted a mistrial. Somershoe, however, elected to have the case continued as to him alone with a diminished number of jurors.

After the mistrial had been granted as to Moltesen, appellant attempted to introduce a stenographic statement wherein Moltesen had exonerated appellant and had admitted that he alone had committed the crime. The first attempt to offer such testimony was made by calling Moltesen to the stand as a witness. Moltesen, however, invoked the Fifth Amendment in view of the possible incriminatory nature of his testimony and refused to answer any of the questions. Thereafter, appellant sought to introduce into evidence the written statement of Moltesen. The trial court refused to admit this statement on the ground that it was hearsay.

In my dissenting opinion in *Commonwealth v. Honigman*, 216 Pa. Superior Ct. 303, 264 A. 2d 424 (1970), I indicated that such a statement should be deemed an exception to the hearsay rule as a declaration against penal interest. Moreover, I indicated in that opinion that such declarations have been declared admissible even where the declarant is alive but invokes the Fifth Amendment. The lower court, however, justifiably rely-

ing upon precedent, refused to make the exception *Honigman* should compel.

In addition, the lower court made certain statements which I believe deserve further attention.

The court noted that Moltesen made the statement exculpating appellant in the law offices of William L. Goldman, Esquire, an attorney who had represented appellant in other criminal matters. It concluded that a statement given under such circumstances is untrustworthy. This factor, however, goes only to the credibility of the speaker, not to the admissibility of the statement. It alone would not, in my opinion, render the instant declaration against penal interest so untrustworthy as to warrant its exclusion from the jury's consideration.

The court also stated that at a hearing subsequent to the trial, Moltesen entered a guilty plea to the events in question and, under oath, testified that appellant had been a co-conspirator, thus repudiating his prior statement. The court was apparently impressed by this factor, for it states in its opinion: "As a practical matter, we are unable to apprehend the reasoning supporting defendant Somershoe's motion for a new trial. . . . [T]he award of a new trial would certainly not represent the panacea which Somershoe foresees. On any retrial of the case, the Commonwealth would be armed with Moltesen's subsequent repudiation of the statement, thereby greatly deflating the defense case." Again, however, it is not for the judge to determine that the jury, in weighing the two conflicting statements, would accept the second statement and thereby repudiate the first. The lower court, I believe, in reviewing the case, abused its discretion in considering factors arising after the trial and passing on their relative importance, rather than leaving such matters to a jury.

For the reasons set forth in my dissenting opinion in *Commonwealth v. Honigman,* supra, therefore, I would vacate judgment of sentence and grant a new trial.