**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Cary Levon SEYFRIED, Defendant-**
**Appellant.**

**No. 16818.**

United States Court of Appeals,
Seventh Circuit.

Nov. 18, 1970.

Rehearing Denied Jan. 14, 1971.

Tomas M. Russell, Chicago, Ill., for defendant-appellant.

William C. Lee, U. S. Atty., John R. Wilks, Asst. U. S. Atty., Fort Wayne, Ind., for plaintiff-appellee.

Before SWYGERT, Chief Judge, and FAIRCHILD and KERNER, Circuit Judges.

KERNER, Circuit Judge.

Appellant, Cary Levon Seyfried, was found guilty by a jury of armed bank robbery, by use of a dangerous weapon, in violation of 18 U.S.C. § 2113(d), and was sentenced to ten years in a federal penitentiary. The proof at trial showed that appellant Seyfried was never inside the bank during the robbery nor used a dangerous weapon, but that appellant Seyfried aided and abetted one Patrick Ralph Rizzo in the robbery by driving the getaway car.[1]

The sole issue raised by Seyfried on appeal is that the trial judge, committed reversible error by refusing to allow into evidence the hearsay testimony of an F.B.I. agent concerning the confession of Patrick Ralph Rizzo. Seyfried contends that Rizzo's confession which concluded with the following statement that

No other person had knowledge of or participated with me in the above described robbery

was a declaration against Rizzo's penal interest and should have been admitted into evidence as an exception to the hearsay rule. We disagree.

Traditionally, the exception to the hearsay rule, allowing into evidence third party declarations against interest, has been limited to declarations against pecuniary and proprietary interests. See e. g., Donnelly v. United States, 228 U.S. 243, 276, 33 S.Ct. 449, 57 L.Ed. 820 (1912), rehearing denied 228 U.S. 708 33 S.Ct. 1024, 57 L.Ed. 1035 (1913); but see J. Holmes dissenting, 228 U.S. at 277–278, 33 S.Ct. at 461. A modern trend, however, includes declarations against penal as well as pecuniary and proprietary interests within the third party declaration against interest exception to the hearsay rule. See Preliminary Draft of Proposed Rules of Evidence for United States District Courts and Magistrates, Rule 8–04(4) and accompanying Advisory Committee note at pages 213–14 (March 1969) [46 F.R.D. 161, 377, 378]; see also People v. Brown, 26 N.Y.2d 88, 308 N.Y.S.2d 825, 257 N.E.2d 16 (1970); People v. Spriggs, 60 Cal.2d 868, 36 Cal.Rptr. 841, 389 P.2d 377 (Calif.1964); United States v. Dovico, 380 F.2d 325, 327, fn. 2 (2 Cir. 1967) (dicta).

While it may be logical that statements against penal interests are as inherently trustworthy as statements against pecuniary or proprietary interests, and should be included within this exception to the hearsay rule, we need not reach this question since we find that the portion of Rizzo's confession declaring that no one accompanied him in the perpetration of the crime was not a declaration against Rizzo's penal interest. Rizzo's statement exonerating any possible accomplices did not subject him to any additional charges or more severe punishment and in no way could be con-

1. Rizzo was convicted in a separate trial and this court affirmed that conviction. United States v. Rizzo, 409 F.2d 400 (7th Cir. 1969).

strued to adversely affect his penal interest.

 We do not accept Seyfried's contention that Rizzo's confession must be taken in its entirety in determining whether it was against his penal interest. Where a statement is clearly separable, part of which is against one's interest and part is not, only that part which is against one's interest and, therefore, has some inherent trustworthiness should be admitted. Cf. Allen v. Dillard, 15 Wash.2d 35, 129 P.2d 813 (1942); see also McCormick on Evidence § 256 at page 553 (1954). Consequently, we hold that the trial judge did not err in refusing to allow into evidence the hearsay testimony of an F.B.I. agent concerning the exonerating portion of Rizzo's confession.

For the foregoing reasons, the decision of the district court is affirmed.

We wish to thank Mr. Tomas M. Russell, a member of the Illinois Bar, for his very conscientious handling of this matter as court appointed counsel for appellant.

Affirmed.