**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Charles D. McCORKLE, Jr., Defendant-Appellant.**

**No. 73–1084.**

United States Court of Appeals, Seventh Circuit.

Argued Dec. 7, 1973.

Decided April 8, 1974.

1966, and 1967 in violation of 26 U.S.C. § 7203.[1] At trial it was stipulated that the defendant had substantial gross income in each of the three years at issue and that he was therefore required to file returns for those years. The evidence was uncontradicted that defendant filed no tax returns for the years 1965, 1966, and 1967. Accordingly, the sole issue before the jury was whether defendant's failure to file was wilful.

The defendant raises several issues for our review, the most important of which are: whether the trial court erred in limiting defendant's cross-examination of the Government's witnesses, two Internal Revenue agents; and whether the court properly instructed the jury on the issue of wilfulness. The defendant charges error in both respects. We agree.[2]

I

In an effort to prove defendant's wilful failure to file, the Government presented testimony from two Internal Revenue Service agents, Joseph Powers, an Internal Revenue officer, and Paul Neuhauser, a special agent of the Internal Revenue Service. Both agents testified about statements made by the defendant during the course of conversations conducted by the agents with the defendant during 1969 prior to indictment. On cross-examination the trial court denied defendant's counsel the opportunity to question the agents as to additional statements defendant made to them which allegedly tended to show defendant's lack of wilfulness. The Gov-

William A. Barnett, Charles R. Purcell, Chicago, Ill., for defendant-appellant.

James R. Thompson, U. S. Atty., Thomas R. Mulroy, Jr., Asst. U. S. Atty., Chicago, Ill., for plaintiff-appellee.

Before SWYGERT, Chief Judge, CASTLE, Senior Circuit Judge, and CAMPBELL,* Senior District Judge.

SWYGERT, Chief Judge.

Defendant Charles D. McCorkle, Jr. was convicted of wilfully failing to file federal income tax returns for 1965,

---

* Senior District Judge William J. Campbell of the Northern District of Illinois is sitting by designation.

1. Section 7203 provides:

Any person required under this title to pay any estimated tax or tax, or required by this title or by regulations made under authority thereof to make a return (other than a return required under authority of section 6015), keep any records, or supply any information, who willfully fails to pay such estimated tax or tax, make such return, keep such records, or supply such information, at the time or times required by law or regulations, shall, in addition to

other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 1 year, or both, together with the costs of prosecution.

2. We find defendant's contentions with respect to his motion to suppress certain statements made to agent Powers to be without merit. United States v. Lehman, 468 F.2d 93 (7th Cir. 1972). In addition, in view of our holding we need not reach the remaining issues presented by the defendant.

ernment contends that the trial court properly limited the scope of the cross-examination in that the testimony of the Internal Revenue Service agents as to these additional statements defendant made to them was inadmissible hearsay. The Government also argues that the testimony sought to be elicited was irrelevant.

■■ Admittedly the statements of defendant testified to by the agents on direct examination were hearsay, but were allowable under the recognized hearsay exception of statements against interest. With respect to the statements by defendant sought to be brought out on cross-examination, the Government properly identifies them as self-serving hearsay declarations. Nonetheless, the principle of verbal completeness prescribes that the defendant may bring out on cross-examination that testimony which might qualify, explain, limit or contradict the portion offered by the Government on direct examination. As the Sixth Circuit stated in Banning v. United States, 130 F.2d 330, 338 (6th Cir. 1942):

> It frequently happens that on direct examination of a witness as to a conversation, transaction or other matter, counsel will bring out only such parts as are favorable to the party he represents. When this occurs, it is the right of the cross-examiner to put the trial court in possession of the full details respecting the matters within the scope of the direct examination.

Having utilized hearsay statements on direct with respect to the conversations between the defendant and the agents, the Government cannot object to the usage of testimony on cross-examination that brings out the whole of those conversations simply due to the hearsay nature of that testimony.

The Government seeks support from our decisions in United States v. Seyfried, 435 F.2d 696 (7th Cir. 1970), and United States v. Lehman, 468 F.2d 93 (7th Cir. 1972). We find those decisions inapposite in resolving the instant appeal, for in neither decision did we confront the problem of verbal completeness. In *Seyfried* we held that the portion of a confession by a third party which exonerated the defendant of any criminal activity was inadmissible due to the fact that the exonerating statement was not a declaration against the third party's penal interest. In *Lehman* we rejected the defendant's attempt to elicit through his witness hearsay statements made to the witness hours after the defendant's confession to Revenue agents; we held that the hearsay declarations did not come within the res gestae exception to the hearsay rule.

The Government urges that the proffered testimony sought to be produced on cross-examination was irrelevant to the issue of wilfulness. Specifically the Government argues that the proffered testimony was not relevant to a showing of defendant's state of mind at the time he failed to file. The Government's view of relevancy is unduly restrictive for it cannot be gainsaid that a defendant's subsequent conduct and statements may tend to show an innocent state of mind at a prior time. Our review of the proffered testimony indicates that it is highly relevant to the determination of defendant's state of mind at the time the returns were due and that the trial court erred in excluding it.

II

■■ The defendant claims that the trial court erroneously instructed the jury on the meaning of wilfulness as utilized in section 7203. It is asserted that the trial court's error emanates from an improper distinction between the meaning of wilfully as used in the tax felony statutes, e. g., 26 U.S.C. § 7201, and as it is used in the tax misdemeanor statutes such as section 7203. Any semantic confusion which previously existed with respect to the meaning of wilfully has been eliminated by the Supreme Court's decision in United States v. Bishop, 412 U.S. 346, 93 S.Ct. 2008, 36 L.Ed.2d 941 (1973). In *Bishop* it is made clear that there is no distinc-

tion in the meaning of "wilfully" as utilized in both tax felony and tax misdemeanor statutes. Accordingly, as used in section 7203 wilfully contemplates "a voluntary, intentional violation of a known legal duty." United States v. Bishop, *supra* at 360, 93 S.Ct. at 2017. The Court in *Bishop*, adhering to its longstanding interpretation of "wilfully" annunciated in United States v. Murdock, 290 U.S. 389, 398, 54 S.Ct. 223, 78 L.Ed. 381, (1933) and Spies v. United States, 317 U.S. 492, 498, 63 S.Ct. 364, 87 L.Ed. 418 (1943), noted that proof of wilfulness requires a demonstration of " 'bad faith or evil intent' " or " 'evil motive and want of justification in view of all the financial circumstances of the taxpayer.' " 412 U.S. 360, 93 S.Ct. at 2017.

■ The asserted erroneous trial court instructions on wilfulness were as follows:

> You are further instructed that the wilfulness which the Government must prove beyond a reasonable doubt does not require the Government to prove that the defendant had a purpose to evade a tax or to defraud the Government. For example, one might honestly plan and intend to pay the tax revenues due the Government at some future time subsequent to the required filing date and, hence, have no intent to defaud the Government of taxes, but if one intentionally fails to file a return at the time when required by the law with full knowledge that he was required to do so, and it is immaterial whether or not at that time he could or could not pay the tax that was due, I instruct you that this is all that is necessary for the Government to prove to establish the offense of a willful failure to file the tax returns. In other words, lady and gentlemen, the intent to report income and pay the tax sometime in the future is not a defense to the charge of willfully failing to file tax returns. The willful failure to make a return is made an offense under the laws of the United States, without regard to the existence of a tax liability and punctuality is important to the fiscal system and sanctions are imposed by the law to assure punctual as well as faithful performance of one's duties.
>
> \* \* \* \* \* \*
>
> Now, the word "wilful" has a number of different meanings depending upon the context in which it is used. As used in this statute—and I am talking now about United States Code, Title 26, Section 7203, the word "wilful" means voluntary, purposeful, deliberate and intentional, as distinguished from accidental, inadvertent or negligent.
>
> The failure to act is willfully done if done voluntarily and purposefully and with a specific intent to fail to do what the law requires to be done; that is to say, with a bad purpose to disobey and disregard the law. I charge you that the only bad purpose necessary for the Government to prove in this case is the deliberate intention not to file returns, which the defendant knew he was required to file at the time that he was required to file them.
>
> The law does require proof of specific intent before the defendant can be convicted. Now, "specific intent" means more than general intent to commit the act; to establish specific intent the Government must prove, beyond a reasonable doubt, that Charles McCorkle knowingly did an act which the law forbids, purposefully intending to violate the law and knowing that such act would violate the law. Such intent may be determined by you from all of the evidence which has been sumitted in this case.

The above instructions required a mere finding of an intention not to file returns without more. The court explicitly directed the jury that it need not concern itself with whether the defendant intended to defraud the Government. Moreover, the court's instructions had the effect of eliminating justifiable excuse as a consideration in resolving the

issue of wilfulness. The instructions failed to properly charge the jury on the element of wilfulness.[3]

■ The Government contends that certain of the other instructions given correctly described the element of wilfulness and that consequently the charge taken as a whole was proper. We cannot agree. It is not enough to say that the total charge is rendered proper because the jury may choose to follow the correct statement of the law rather than the incorrect statement of law. Having uttered the incorrect instructions on the element of wilfulness, no additional instruction on wilfulness, albeit correct, could neutralize the misstatement. As the Fifth Circuit has stated: "Instructions to the jury must be consistent and not misleading. The fact that one instruction is correct does not cure error in giving another inconsistent one." Mann v. United States, 319 F.2d 404, 410 (5th Cir. 1963).

The judgment of conviction is reversed and the case is remanded for a new trial.

CASTLE, Senior Circuit Judge (dissenting).

I respectfully dissent. The trial court properly limited the cross-examination of the Internal Revenue Service agents to exclude from evidence certain self-serving statements made by the defendant, McCorkle, to the agents. Such statements were inadmissible hearsay unprotected by any exception to that evidentiary rule (unlike McCorkle's admissions to which the agents testified on direct examination). The doctrine of verbal completeness does not have currency in this application, where the self-serving statements are clearly unrelated to the admissions so that it is highly unlikely that the former was ever intended to qualify or to explain the latter. *Cf.*, United States v. Lehman, 468 F.2d 93

(7th Cir. 1972). Moreover, the testimony sought to be elicited was irrelevant to a showing of McCorkle's state of mind at the time he chose not to file his tax returns. It is most doubtful that a suspect's subsequent statements to government agents would accurately reflect an innocent state of mind at a prior time. It seems more probable to expect that such statements would reflect a self-serving, exculpatory purpose.

Moreover, I cannot agree that the trial court erroneously instructed the jury on the meaning of wilfulness as expressed in 26 U.S.C. § 7203. Wilfulness is satisfied only by a finding that the taxpayer committed "a voluntary, intentional violation of a known legal duty." United States v. Bishop, 412 U.S. 346, 360, 93 S.Ct. 2008, 2017, 36 L.Ed.2d 941 (1973). The Supreme Court explicitly established in *Bishop* a standard of *scienter* for conviction under the statute, as the majority pointed out. The instructions of the trial court fully comported with the Supreme Court's interpretation of the statute. The trial court stated to the jury:

> "the word 'wilful' means voluntary, purposeful, deliberate and intentional, as distinguished from accidental, inadvertent or negligent."

The court further emphasized that the *scienter* requirement could only be met by a finding of a deliberate intention not to file tax returns. The trial court thus properly focused on the pertinent legal duty involved in this case in defining "bad purpose." As the court correctly noted, an intent to evade tax or to defraud the government is legally irrelevant to a finding of the intentional violation present in this case, as is a justification based on either inability to pay taxes or an intention to report and pay taxes some time in the future.

Respectfully, I would affirm the judgment of the trial court.

**3.** We are aware of course that the trial judge did not have the benefit of United States v. Bishop at the time the instructions were given.