337 A.2d 554

**COMMONWEALTH of Pennsylvania**

**v.**

**Eldimiro COLON, Appellant (two cases).**

Supreme Court of Pennsylvania.

Submitted Nov. 27, 1974.

Decided May 13, 1975.

Eugene John Lewis, Lewis & Granoff, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Jr., Dist. Atty., Richard A. Sprague, 1st Asst. Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

OPINION

ROBERTS, Justice.

Appellant Eldimiro Colon was tried before a jury and found guilty of murder in the first degree, burglary, and aggravated robbery. Post-verdict motions were filed and denied. The court sentenced appellant to serve a term of life imprisonment for the murder conviction. The court also sentenced him to serve concurrent terms of ten to twenty years imprisonment for the burglary and the aggravated robbery convictions, both to be served concurrently with the life sentence. This appeal ensued.[1]

In this appeal, appellant raises a single issue: whether the trial court improperly excluded from evidence the confession of one Jose Hernandez in which Hernandez admitted killing the victim while acting alone. Although appellant concedes that Hernandez's statement is hearsay, he argues that it was a declaration against penal interest and therefore admissible. See *Commonwealth v. Nash*, 457 Pa. 296, 324 A.2d 344 (1974). See also *Chambers v. Mississippi*, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973). We conclude that the relevant portions of Hernandez's confession were not con-

1. Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 202(1), 17 P.S. § 211.202(1) (Supp.1974).

trary to Hernandez's penal interest and were therefore inadmissible hearsay and affirm.

On April 17, 1972, the corpse of Michael Kochmanowicz, age 91, was discovered on his living room floor. Examination of the scene revealed that Kochmanowicz had been murdered in the course of a burglary.

The following day the police arrested Jose Hernandez. After a period of interrogation, Hernandez gave the police a formal statement in which he admitted murdering Mr. Kochmanowicz and burglarizing his home. At the end of his statement, Hernandez stated in response to a police question:

"I was alone. I went there alone and came out alone."

On May 7, 1972, the police arrested appellant. After interrogation, appellant also confessed to the murder and burglary. The account given by appellant was virtually identical to Hernandez's. However, appellant's statement maintains that Hernandez and he had acted in concert.

At trial, the Commonwealth proceeded on the theory that both appellant and Hernandez were responsible for the murder. To establish this theory, the Commonwealth introduced into evidence appellant's confession and the testimony of an alcoholic shopkeeper who testified that he overheard appellant discussing the murder with Hernandez.

Appellant's defense strategy was to establish that Hernandez had acted alone. Appellant took the stand and testified that he had been coerced into signing a statement prepared by the police. The defense called Hernandez and questioned him about the murder and his confession. Hernandez, however, asserted his constitutional privilege against self-incrimination and would answer no questions. At the end of the presentation of evidence appellant moved that Hernandez's confession be admitted into evidence. Pursuant to a ruling obtained earlier in

the trial, the motion was denied on the ground that the statement was inadmissible hearsay. Appellant now contends that this ruling was error and that, had this statement been admitted, his theory that Hernandez acted alone would have seemed more plausible to the jury.

The Court recently addressed the issue of the admissibility of declarations against penal interest in *Commonwealth v. Nash,* 457 Pa. 296, 324 A.2d 344 (1974). Although the Court unanimously agreed that such declarations should be admissible in some circumstances, there was no majority view as to the rationale for or the conditions of admissibility.

A plurality of the Court (Mr. Chief Justice Jones, Mr. Justice Pomeroy, and this writer) in a concurring opinion, id. at ——, 324 A.2d at 347, concluded that there was no logical ground upon which declarations against penal interest could be distinguished from declarations against pecuniary and proprietary interest. The plurality recognized that declarations against interest are admissible as an exception to the hearsay rule because their trustworthiness is safeguarded by the improbability that a declarant would fabricate a statement which is contrary to his own interests. It resolved that this rationale was equally applicable whether the interest involved was pecuniary, proprietary, or penal.

"A statement that subjected the declarant to possible criminal sanctions could hardly be considered anything but against interest. The limitation of the exception to declarations against pecuniary and proprietary interests is grounded in the belief that they are less likely to be motivated by extraneous considerations and provide less inducement to perjury. This reasoning is unsound. If the object of the present lawsuit were a $100,000,000 judgment, can one doubt that there would be any less incentive to swear falsely? Viewing the materialistic limitation from a dif-

ferent perspective, the New York Court of Appeals stated:

'[T]he distinction which would authorize a court to receive proof that a man admitted he never had title to an Elgin watch, but not to receive proof that he had admitted striking Jones over the head with a club, assuming equal relevancy of both statements, does not readily withstand analysis.' *People v. Brown*, 26 N. Y.2d 88, 91, 308 N.Y.S.2d 825, 827, 257 N.E.2d 16, 17 (1970)." [2]

*Commonwealth v. Nash*, supra, at 308, 324 A.2d at 349. The plurality also noted that no Pennsylvania precedent held that declarations against penal interest should be treated differently from declarations against pecuniary interest.[3] Therefore it concluded that declarations

2. "The only practical consequences of this unreasoning limitation [on the admissibility of declarations against penal interest] are shocking to the sense of justice; for, in its commonest application in a criminal trial, the rejection of a confession, however well authenticated, of a person deceased or insane or fled from the jurisdiction (and therefore quite unavailable) who has avowed himself to be the true culprit. The absurdity and wrong of rejecting indiscriminately all such evidence is patent . . . .

"It is therefore not too late to retrace our steps, and to discard this barbarous doctrine, which would refuse to let an innocent accused vindicate himself even by producing to the tribunal a perfectly authenticated written confession, made on the very gallows, by the true culprit now beyond the reach of justice. Those who watched (in 1899) with self-righteous indignation the course of proceedings in Captain Dreyfus' trial should remember that, if that trial had occurred in our own courts, the spectacle would have been no less shameful if we, following our own supposed precedents, had refused to admit what the French Court never for a moment hesitated to admit,—the authenticated confession of the absconded Major Esterhazy, avowing himself the guilty author of the treason there charged, *and now known beyond a doubt to have been the real traitor.*"
5 J. Wigmore, Evidence § 1477, at 289–90 (Chadbourn rev.1974) (footnotes omitted).

3. *Nash*, supra, at 304, 324 A.2d at 347 (footnote omitted):
"The cases usually relied upon as authority for the proposition that a declaration against penal interest is inadmissible are

against penal interest are admissible on the same basis as statements against pecuniary and proprietary interests.[4] Thus, if the proponent can show that the declaration states facts that were against the declarant's penal interest at the time they were made and the declarant is unavailable at the time of trial, the declaration is not made inadmissible under the hearsay rule. Id. at —— n. 4, 324 A.2d at 318 n. 4.[4a]

In the present case, Hernandez, having availed himself of the constitutional privilege against self-incrimination, was an unavailable witness. See McCormick's Handbook of the Law of Evidence § 280 (2d ed. E. Cleary 1971); 5 J. Wigmore, supra § 1409. Therefore, the sole question is whether the facts contained in his statement were against his penal interest.

Hernandez's confession to the police was clearly against his penal interest. However, this does not resolve the controversy for as Wigmore states:

"It must be remembered that it is not merely the statement that must be against interest, but the *fact stated*.

*Commonwealth v. Somershoe*, 217 Pa.Super. 156, 269 A.2d 149 (1970); *Commonwealth v. Honigman*, 216 Pa.Super. 303, 264 A. 2d 424 (1970); *Commonwealth v. Antonini*, 165 Pa.Super. 501, 69 A.2d 436 (1949). Cf. S. Feldman, Pennsylvania Trial Guide § 7.56 (rev. ed. 1973). Both *Somershoe* and *Honigman* were simply per curiam opinionless affirmances. Thus, no ratio decidendi can be extracted from these decisions. *Antonini* can be easily distinguished because there the declaration, a suicide note by a decedent, was offered to inculpate the accused and therefore its introduction would violate the confrontation clause. More recently, the Superior Court has permitted declarations against penal interest, in certain circumstances, to be admitted into evidence. *Commonwealth v. Hackett*, 225 Pa.Super. 22, 307 A.2d 334 (1973)."

4. But see Federal Rules of Evidence, Pub.L. 93–595, Rule 804(b)(3) (Jan. 2, 1975), 16 Crim.L.Rptr. 3009 (Jan. 15, 1975).

4a. Mr. Justice Pomeroy notes in his concurring opinion that he agrees that declarations against penal interests are admissible as exceptions to the hearsay rule. Thus a majority of this Court is in agreement as to this principle, although not as to its application in this case.

It is because the fact is against interest that the open and deliberate mention of it is likely to be true. Hence the question whether the *statement* of the fact could create a liability is beside the mark."

Wigmore, supra § 1462, at 337 (footnote omitted, emphasis in original).

We conclude that the fact stated in that portion of Hernandez's confession which exculpated any possible accomplices was not against interest and hence that portion was inadmissible. By telling the police that he acted alone, Hernandez admitted no additional crime, subjected himself to no additional punishment. Since it was not contrary to Hernandez's interest to assert he acted alone, the portion of the statement in which he claimed to have acted alone does not have the safeguards of trustworthiness attributed to a statement truly against interest. On this basis, the trial court's decision was correct as to this part of the statement.

This result is in accord with cases decided in the federal courts. In *United States v. Seyfried*, 435 F.2d 696 (7th Cir. 1970), cert. denied, 402 U.S. 912, 91 S.Ct. 1393, 28 L.Ed.2d 654 (1971), the appellant was accused of being the driver of the getaway car in a bank robbery. At his trial the accused sought to place into evidence a portion of the confession of another indicted for the robbery. This confession stated, inter alia, "No other person had knowledge of or participated in the above described robbery." The Seventh Circuit held that this statement "exonerating any possible accomplices did not subject the declarant to any additional charges or more severe punishment and in no way could be considered to adversely affect his penal interest." Id. at 697–98. The court therefore ruled that refusal to admit the quoted part of the statement was not error.

In *United States v. Marquez*, 462 F.2d 893 (2d Cir. 1972), the appellant was accused of selling and possess-

ing cocaine and of conspiring to sell and possess cocaine. The appellant contended that an out-of-court statement of a co-defendant, in which he stated, "Cocaine mine. Other guys have nothing to do with it. Got cocaine yesterday. Don't know who I got it from," was a declaration against interest and hence admissible. The Court of Appeals ruled that the portion of the statement exculpating the appellant was not against penal interests. The court said:

"This declaration did not admit an additional crime or subject [the declarant] to more serious charges or more severe punishment. [The declarant] merely sought to exculpate his friends, and the statement therefore lacks the inherent reliability which justifies the declaration against interest exception to the hearsay rule. See *United States v. Seyfried*, 435 F.2d 696, 697–98 (7th Cir. 1970), cert. denied, 402 U.S. 912, 91 S.Ct. 1393, 28 L.Ed.2d 654 (1971)."

Id. at 895. See *United States v. McKee*, 462 F.2d 275 (2d Cir. 1972).

██ The only remaining question is whether the remainder of the statement, which clearly states facts contrary to interest, was admissible. See McCormick, supra § 677. We conclude that it was inadmissible because not relevant.[5]

Throughout appellant's trial, it was the Commonwealth's theory that Hernandez and appellant had acted together in committing the crime. Thus Hernandez's statement admitting his role in the crime was not inconsistent with the Commonwealth's theory of the crime. As such, his confession did not meet the test of relevancy because it would not tend to make the inference that Colon did not participate in the crime more likely. Mc-

5. We may, of course, affirm a ruling of a court below if it is correct on any ground. See, e. g., *Commonwealth v. Dancer*, 460 Pa. 95, 101 n. 5, 331 A.2d 435, 438 n. 5.

Cormick, supra § 185. We therefore conclude that there was no error in the court's refusal to admit the confession.

Judgments of sentence affirmed.

EAGEN, O'BRIEN and NIX, JJ., concur in the result.

POMEROY, J., filed a concurring opinion.

POMEROY, Justice (concurring).

I agree that the trial court acted correctly in not admitting into evidence the confession of Jose Hernandez. I come to this conclusion, however, because at his separate trial for the murder of Michael Kochmanowicz (the same victim for whose murder Colon was tried), Hernandez repudiated his statement under oath. He charged that he was coerced into giving the statement because the police had beaten him. I agree with Mr. Justice Roberts in his statement that the plurality opinion in *Commonwealth v. Nash*, 457 Pa. 296, 324 A.2d 344 (1974), which I joined, "recognized that declarations against interest are admissible as an exception to the hearsay rule because their trustworthiness is safeguarded by the improbability that a declaration would fabricate a statement which is contrary to his own interests." Here, however, the element of improbability has been undercut by the fact that the declarant himself has denied the truth of his prior declaration in sworn testimony.* The presumed trustworthiness which forms the basis of the hearsay exception is therefore lacking, and the statement was properly excluded.

In view of this approach to the case at bar I do not reach the question addressed by Mr. Justice Roberts as

---

* Unless previously excluded at 'a suppression hearing, this disclaimer by Hernandez and his charge of physical coercion by the police would not serve to keep the statement out of evidence in his own trial, but would go to its weight.

to whether statements against penal interest are "divisible" for the purpose of determining their admissibility. See V J. Wigmore, Evidence § 1465 (1974).