405 A.2d 1290

**COMMONWEALTH of Pennsylvania**

v.

**Edward COOKE, Appellant.**

Superior Court of Pennsylvania.

Submitted May 7, 1979.

Decided June 13, 1979.

Petition for Allowance of Appeal Denied Nov. 7, 1979.

36

Steven Dickstein, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before HOFFMAN, EAGEN and HESS, JJ.*

PER CURIAM:

After a non-jury trial, the lower court convicted appellant of murder in the third degree. In this direct appeal, appellant contends that (1) the Commonwealth did not prove that he caused the victim's death, (2) the verdict was contrary to the weight of the evidence, (3) his trial counsel was ineffective for not producing a witness critical to his defense, and (4) the lower court erred in admitting evidence of his 1973 burglary conviction. We conclude that all of appellant's contentions lack merit and, accordingly, affirm the judgment of sentence.

Viewed in the light most favorable to the Commonwealth, *Commonwealth v. Bastone*, 466 Pa. 548, 353 A.2d 827 (1976), the following evidence was adduced at appellant's trial: On June 6, 1976, at a baseball field in Philadelphia, appellant struck the victim, Jerome Skowronski, over the head with a wooden baseball bat. Skowronski was immediately transported by his friends to a hospital, where he died one and one-half days later of multiple craniocerebral injuries. Skowronski and appellant were among a group of people at the field for several hours watching and playing softball and consuming beer. Ms. Connie Walvatne, Skowronski's fiancee, testified that Skowronski was initially punched after several people admonished him for bringing a gun to the field. She stated that she was the owner of a gun which was in the trunk of her car 15 minutes before Skowronski

---

* Chief Justice Michael J. Eagen of the Supreme Court of Pennsylvania and Judge Warren K. Hess of the Court of Common Pleas of Berks County, Pennsylvania, are sitting by designation.

was first hit. Police officers testified that appellant admitted that he had struck Skowronski once over the head with a baseball bat from behind after John McFarland hit Skowronski in the face with a beer mug. Appellant further admitted that he struck Skowronski because someone told him Skowronski had a gun and because he thought Skowronski was going to shoot someone. Appellant never saw the gun. Two witnesses for appellant testified that they saw Skowronski reach for his waist after being struck by McFarland and then saw appellant strike him from behind with the bat. A third witness for appellant stated that he warned the crowd that Skowronski was "going for a gun", although he did not see the gun. Neither appellant nor his witnesses saw Skowronski with a gun during the fight and no one heard Skowronski make any kind of threat against anyone.

■ Appellant attempted to show that McFarland's blow to Skowronski with a beer mug caused Skowronski's death. However, the cause of death according to the medical examiner was "multiple craniocerebral injuries of the brain and injuries to the skull." Appellant's own statement indicated that McFarland hit Skowronski in the *face* with the mug and appellant hit *him* in the *head* with the bat. Several other witnesses testified to appellant's striking Skowronski in the head with the bat. We conclude from all the above evidence that the Commonwealth proved appellant caused Skowronski's death beyond a reasonable doubt. *See Commonwealth v. Ilgenfritz*, 466 Pa. 345, 353 A.2d 387 (1976); *Commonwealth v. Webb*, 449 Pa. 490, 296 A.2d 734 (1972).

■ Appellant next contends that the verdict is contrary to the weight of the evidence. Appellant claimed that he was justified in his actions on the basis of 18 Pa.C.S.A. § 506: use of force for protection of other persons. Credibility of witnesses is for the factfinder. *Commonwealth v. Nau*, 473 Pa. 1, 373 A.2d 449 (1977). In the instant case, the trial judge, the factfinder, indicated that he did not believe Skowronski had been the aggressor or had given anyone reason to believe that he was putting anyone in imminent danger of death or serious bodily injury. Moreover, Wal-

vatne testified that Skowronski did not have the gun on his person at the time of the attack. Accordingly, our review reveals no reason for disturbing the trial court's findings.

Appellant next contends that his trial counsel was ineffective for not calling McFarland as a witness. At a prior preliminary hearing, an officer testified concerning a statement by McFarland that Skowronski had "reached into his pants for the gun." Later, the court sustained McFarland's demurrer to the charges. Appellant's trial counsel informed the court during closing argument that he had not called McFarland as a witness because McFarland's counsel had advised McFarland to refuse to testify on the basis of his privilege against self-incrimination. Appellant now claims that his trial counsel's failure to call McFarland—the only witness to Skowronski's possession of a gun at the time of the attack—was ineffective assistance of counsel because such testimony was either (1) not protected by McFarland's privilege against self-incrimination or (2) admissible as a declaration against McFarland's penal interest.

■■■ "The privilege against self-incrimination is 'accorded liberal construction in favor of the right it was intended to secure' and may be claimed when a witness 'has reasonable cause to apprehend danger' from answering questions put to him. *Hoffman v. United States*, 341 U.S. 479, 486, 71 S.Ct. 814, 818, 95 L.Ed. 1118." *Commonwealth v. Rodgers*, 472 Pa. 435, 456, 372 A.2d 771, 780–81 (1977) ("possibility that an individual whose conviction is final will obtain collateral relief" is not so remote as to warrant a per se rule that privilege cannot be invoked). Whenever a court overrules the claim of privilege, "it must be *perfectly clear* . . . that the witness is mistaken in the apprehension of self-incrimination and the answers demanded cannot possibly have such tendency . . . ." *Commonwealth v. Carrera*, 424 Pa. 551, 553–54, 227 A.2d 627, 629 (1967). In the instant case, McFarland faced the possibility of a Commonwealth appeal on the sustaining of his demurrers to charges relating to the same incident on June 6, 1976. If called as a witness, he would be asked questions directly concerning details of

that incident. We conclude therefore that appellant's trial counsel had a reasonable basis for believing that McFarland could properly invoke his privilege against self-incrimination; calling him as a witness would thus have been a futile gesture. Moreover, statements protected by the privilege against self-incrimination are not always declarations against penal interest. *Commonwealth v. Colon,* 461 Pa. 577, 337 A.2d 554 (1975). Such declarations must be made "under circumstances that provide considerable assurance of their reliability" in order to be admissible as exceptions to the hearsay rule. *Chambers v. Mississippi,* 410 U.S. 284, 300, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973). *See Commonwealth v. Lewis,* 472 Pa. 235, 372 A.2d 399 (1977). In the instant case, the hearsay statement of McFarland which appellant wished to use in no way incriminated McFarland and, accordingly, lacks "the safeguards of trustworthiness attributed to a statement truly against interest." *Colon, supra* 461 Pa. at 584, 337 A.2d at 558. We conclude, therefore, that the second prong of appellant's ineffectiveness contention lacks merit. *See Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977).

■ Lastly, appellant contends that the lower court erred in admitting evidence of his 1973 burglary conviction. In order to determine whether the lower court abused its discretion in admitting prior convictions for purposes of impeaching an accused we must examine such factors as "1) the degree to which the prior offense reflects upon the defendant's veracity; 2) the degree to which the prior offense tends to smear the defendant or suggests a propensity to commit the crime charged; 3) the age and circumstances of the defendant; 4) the strength of the prosecution's case and the ability of the defense to present its version of the events through other witnesses; and 5) the availability of alternative means of impeachment." *Commonwealth v. Perrin,* 484 Pa. 188, 194, n. 3, 398 A.2d 1007, 1010, n. 3 (1979). (*See Commonwealth v. Roots,* 482 Pa. 33, 393 A.2d 364 (1978); *Commonwealth v. Bighum,* 452 Pa. 554, 307 A.2d 255 (1973). In the instant case, after a *Bighum* hearing, the

lower court held the 1973 burglary conviction admissible based upon the following factors: 1) burglary is a crime involving dishonesty, *Commonwealth v. Amos*, 445 Pa. 297, 284 A.2d 748 (1971), 2) the conviction was not remote in time, 3) the conviction occurred when appellant was 24 years of age, 4) appellant had several eyewitnesses to testify in his defense, and 5) the case was being tried without a jury. From our review, we conclude that the lower court did not abuse its discretion in ruling that appellant's prior burglary conviction could be used by the Commonwealth for impeachment.

Judgment of sentence affirmed.