429 A.2d 22

**COMMONWEALTH of Pennsylvania**

v.

**Tommy WILLIAMS, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 14, 1980.

Filed April 24, 1981.

John H. Corbett, Jr., Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

Before PRICE, DiSALLE and MONTEMURO, JJ.

DiSALLE, Judge:

Appellant, Tommy Williams, was tried before a jury and found guilty of robbery.[1] After his post-trial motions were denied, appellant filed this appeal. He contends (1) that the lower court erred in denying his post-trial motions, (2) that the charges against him should have been dismissed for the Commonwealth's failure to comply with Pa.R.Crim.P. 1100, and (3) that the lower court committed reversible error in ruling that it would permit a prior robbery conviction to be used to impeach him should he choose to testify. We agree with appellant's third contention and hereby reverse and remand for a new trial.

Appellant claims that because of the court's ruling with respect to his prior conviction, he was effectively precluded from testifying in his own behalf. Whether a prior conviction may be introduced to impeach the credibility of the defendant is left to the sound discretion of the trial court. The Pennsylvania Supreme Court in *Commonwealth v. Bighum*, 452 Pa. 554, 307 A.2d 255 (1973) and *Commonwealth v. Roots*, 482 Pa. 33, 393 A.2d 364 (1978), delineated guidelines for the exercise of this discretion. Initially, the court must determine whether the prior conviction was for a crime involving dishonesty or false statement. Should the court so find, it must then consider these factors:

[t]he age and nature of the prior crimes; the length of the criminal record; the age and circumstances of the defendant; the extent to which it is more important to the search for truth in a particular case for the jury to hear the defendant's story than to know of a prior conviction. *This last factor is of critical importance. Where the defendant had no other means by which to defend himself, it would be particularly unjust to subject him to the introduction of prior convictions.*

1. 18 Pa.C.S.A. § 3701.

*Bighum,* 452 Pa. at 567, 307 A.2d at 263 (emphasis added and citation omitted). *Roots, supra,* defined the *Bighum,* test by requiring these additional factors to be considered:

the likelihood, in view of the nature and extent of the prior record, that it would have a greater tendency to smear the character of the defendant and suggest a propensity to commit the crime for which he stands charged, rather than provide a legitimate reason for discrediting him as an untruthful person; . . . the strength of the prosecution's case and the prosecution's need to resort to this evidence as compared with the availability to the defense of other witnesses through which its version of the events surrounding the incident can be presented; and . . . the existence of alternative means of attacking the defendant's credibility.

*Roots,* 482 Pa. at 39–40, 393 A.2d at 367. The prosecution has the burden of demonstrating that a prior conviction is admissible to impeach the defendant. *Id.*

■ In the instant case, counsel for appellant stated that appellant's testimony would consist only of a "general denial" and that there were no witnesses to corroborate his testimony.

BY THE COURT AT SIDEBAR: ". . . in this case Counsel has advised that the Defendant does not have an alibi or any other defense other than he is going to take the stand and say he didn't do it."

The impeachment evidence consisted of one of two eight year old robbery convictions, committed by appellant when he was twenty-two years of age. It is difficult to understand how the introduction of appellant's prior record would be sufficiently vital to the Commonwealth's case to eclipse the cautionary language of *Bighum* and *Roots,* especially when the defense was without any other means to present its "version of the events surrounding" the robbery. *Roots,* 482 Pa. at 39–40, 393 A.2d at 367. Therefore, "it would be particularly unjust to subject him to the introduction of prior convictions." *Bighum,* 452 Pa. at 567, 307 A.2d at 263.

The holding in *Roots* is reflective of our position in the instant case. In *Roots* the trial court ruled that it would permit a five year old aggravated robbery conviction to be used to impeach the defendant if he chose to testify on his own behalf. As a result of this ruling the defendant did not testify at trial. The Supreme Court found an abuse of discretion and reversed and awarded a new trial.

It is the opinion of this court that the trial court abused its discretion. Its ruling seriously affected appellant's ability to present a defense. This case presents precisely the type of automatic use of prior convictions which *Bighum* and *Roots* sought to eliminate. Therefore, a new trial must be awarded.

Because we are remanding, we will also consider appellant's claim that the charges must be dismissed because his waiver of Rule 1100 was not made knowingly and voluntarily. The facts do not support this claim. Appellant was arrested on May 23, 1977. In accordance with Rule 1100, the Commonwealth had until November 13, 1977, to bring the case to trial. Trial was scheduled for November 2, 1977, but because of a motion by Mr. Bills, counsel for appellant's co-defendant Roy Brown,[2] a postponement hearing was held on October 25, 1977. At the postponement hearing a complete colloquy was held with appellant and his co-defendant regarding their rights under Rule 1100. Following their waiver of Rule 1100, the court extended the trial date to January 16, 1978. On December 8, 1977, again on a motion by Mr. Bills, another postponement was granted. This time no colloquy was given to the defendants and they did not appear in court. Instead, the court permitted Mr. Bills to obtain, out of court the necessary signatures. After obtaining the signature of appellant's counsel, Mr. Conflenti, Mr. Bills went to the jail to obtain appellant's and co-defendant Brown's signatures. At this meeting, Mr. Bills did not discuss with appellant and Brown their rights under Rule 1100. He merely told them that he needed their signatures

**2.** Appellant and Roy Brown were tried together on the robbery charges.

in order to postpone the trial because he had another case scheduled on that date. Both defendants signed the waiver. On February 16, 1978, upon appellant's motion, a hearing to dismiss under Rule 1100 was held. At this hearing Mr. Conflenti testified that he had often discussed with appellant his rights under Rule 1100. The court denied appellant's motion. It is the validity of the second waiver that is now being attacked.

In *Commonwealth v. Myrick*, 468 Pa. 155, 360 A.2d 598 (1976), the Court held that it is the burden of the Commonwealth to prove the validity of a waiver. The Court did observe that "so long as there is an indication, on the record, that the waiver is the informed and voluntary decision of the defendant, it will be accorded prima facie validity." *Id.*, 468 Pa. at 160, 360 A.2d at 600. A waiver of Rule 1100 is formally valid of record if a proper colloquy is conducted or defendant signs a waiver. *Id.*, 468 Pa. at 161, 360 A.2d at 601. Here, appellant signed the second waiver, had often discussed Rule 1100 with his counsel, and had participated in a colloquy on the subject within the preceding month and a half. Appellant's second waiver of Rule 1100 was, therefore, an informed and voluntary decision.

Judgment reversed and case remanded for a new trial consistent with this opinion.

MONTEMURO, J., files a concurring statement.

MONTEMURO, Judge, concurring:

I concur in the result solely on the basis of the staleness of the eight year-old convictions offered for impeachment purposes. Were it not for the staleness of those convictions, I would not find an abuse of discretion by the Court below. All other criteria set out in *Commonwealth v. Bighum*, 452 Pa. 554, 307 A.2d 255 (1973) and *Commonwealth v. Roots*, 482 Pa. 33, 393 A.2d 364 (1978) have been met. See, e. g. *Commonwealth v. Cooke*, 267 Pa. Super. 34, 405 A.2d 1290 (1979).