J. S69030/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
v.   :

LANCE BRASWELL,   :   No. 398 EDA 2015
  :
Appellant   :


Appeal from the Judgment of Sentence, January 7, 2015,
in the Court of Common Pleas of Chester County
Criminal Division at No. CP-15-CR-0000884-2014


BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., AND OLSON, J.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:     **FILED FEBRUARY 16, 2016**

Lance Braswell appeals from the judgment of sentence entered January 7, 2015, by the Court of Common Pleas of Chester County, after a jury convicted him of burglary,[1] criminal trespass,[2] simple assault,[3] and criminal conspiracy.[4]  We affirm.

The record reflects that appellant's conviction resulted from an incident that occurred on the evening of September 29, 2013.  At that time, a group of people entered the victim's home and assaulted her.  At appellant's trial,

---

[1] 18 Pa.C.S.A. § 3502(a)(1).

[2] 18 Pa.C.S.A. § 3503(a)(1)(ii).

[3] 18 Pa.C.S.A. § 3701(a)(1).

[4] 18 Pa.C.S.A. § 903(C), § 2701(a)(1).

the victim and one of the perpetrators testified that appellant and his uncle, Jason Smith, were among the assailants. Smith had previously pled guilty to criminal trespass, simple assault, conspiracy to commit criminal trespass, and terroristic threats in connection with this incident.

At trial, appellant called Smith to testify on his behalf. On the advice of counsel, Smith invoked his Fifth Amendment right against self-incrimination. The trial court accepted Smith's invocation and found him unavailable as a witness. Subsequently, appellant took the stand and testified that he did not participate in the crimes that the group committed on September 29, 2013, which was his defense theory. He further testified that he did not learn about the incident until about a week later when Smith told him what had occurred. When defense counsel asked appellant what Smith told him, the Commonwealth objected on hearsay grounds. The following sidebar took place:

> THE COURT: What's your basis of your objection?
>
> [THE COMMONWEALTH]: Well, A, it's hearsay. I don't know what he's planning on offering it for, so maybe we ought to hear that now, see if it satisfies any of the exceptions.
>
> THE COURT: What's your offer of proof?
>
> [DEFENSE COUNSEL]: He's going to testify this is when he first heard about when this took place that he had a conversation and Jason told him that he went into [the victim's] residence with [others] and assaulted [the victim].

> THE COURT:  All right.  Isn't it also a statement of a co-defendant?
>
> [DEFENSE COUNSEL]:  Yeah.  It would be.
>
> [THE COMMONWEALTH]:  It's not in furtherance of the conspiracy.
>
> THE COURT:  Well, the statement occurs after the event.
>
> [THE COMMONWEALTH]:  That's why it's inherently unreliable, too much time for deliberation.  If it's anything it would be the statement against interest.
>
> THE COURT:  I am going to sustain the objection.

Notes of testimony, 11/13/14 at 319-320.

Appellant raises one issue on appeal:

> Whether the Court erred by not permitting Appellant to testify at trial concerning a conversation he had with Jason Smith, a co-defendant, one week after the incident, wherein the Appellant claimed he first learned about the incident and the specific people involved in the incident?

Appellant's brief at 3.

The admissibility of evidence lies within the sound discretion of the trial court and will not be reversed absent a clear abuse of discretion. ***Commonwealth v. Maloney***, 876 A.2d 1002, 1006 (Pa.Super 2005).  An abuse of discretion is not merely an error of judgment, but occurs when a court overrides or misapplies the law; exercises a manifestly unreasonable judgment; or results from partiality, prejudice, bias, or ill-will, as

demonstrated by the evidence or the record. *Commonwealth v. Cameron*, 780 A.2d 688, 692 (Pa.Super. 2001).

Appellant complains that the trial court should have admitted Smith's out-of-court statement as an exception to the hearsay rule under Pennsylvania Rule of Evidence 804(b)(3). Under that exception, when a declarant is unavailable as a witness, an out-of-court statement against penal interest is admissible as follows:

> (3)   Statement Against Interest.  A statement that:
>
> (A)   a reasonable person in the declarant's position would have made only if the person believed it to be true because, when made, it was so contrary to the declarant's proprietary or pecuniary interest or had so great a tendency to invalidate the declarant's claim against someone else or to expose the declarant to civil or criminal liability; and
>
> (B)   is supported by corroborating circumstances that clearly indicate its trustworthiness, if it is offered in a criminal case as one that tends to expose the declarant to criminal liability.

Pa.R.E. 804(b)(3).

Therefore, in order to fall within the statement against interest exception to the hearsay rule, the statement must be (1) against the declarant's penal interest and (2) supported by corroborating circumstances

that clearly indicates its reliability. *Id.*; *e.g.*, *Commonwealth v. Robins*, 812 A.2d 514 (Pa. 2002).

With respect to the first element, a statement that exculpates a declarant's accomplice is not a statement against interest because it does not subject the declarant to any additional crime or punishment. *Commonwealth v. Colon*, 846 A.2d 747, 757 (Pa.Super. 2004), citing *Commonwealth v. Colon*, 337 A.2d 554, 558 (Pa. 1975).

Here, because Smith's alleged statement serves to exculpate appellant, who was Smith's accomplice, appellant cannot meet the first element of the exception, and the statement, therefore, is inadmissible.

Even if appellant could satisfy the first element of the exception, he could not satisfy the second because it lacks indicia of reliability. One of the reasons that an appellant must demonstrate a statement's reliability in order for it to be admissible under this exception is the recognition that it is not rare for friends, peers, and family members to go to extraordinary measures to help an accused win an acquittal or avoid a jail sentence. *Commonwealth v. Bracero*, 528 A.2d 936, 941 (Pa. 1987) (plurality). Our supreme court has reminded us that criminal cases often involve "witnesses" who themselves are actively engaged in a criminal lifestyle and that "telling a story" to help a friend or relative "beat the rap" is not an extraordinary occurrence. *Id.*

When determining the reliability of a statement against interest, courts evaluate any factors that bear upon the statement's reliability, such as the circumstances under which the declarant made the statements, including the custodial/non-custodial nature of the setting and the listener's identity; the contents of the statement, including whether it minimizes the declarant's responsibility or spreads or shifts the blame; other possible motivations of the declarant, including improper motive to lie, gain favor, or distort the truth; the degree and nature of the "against interest" aspect of the statements, including the extent to which the declarant apprehends that the making of the statement is likely to actually subject him to criminal liability; the circumstances or events that prompted the statements, including whether the listener encouraged or requested that they be made; the timing of the statement as related to the events described; the declarant's relationship to the defendant; and any other factors bearing upon the statement's reliability. **Robins**, 812 A.2d at 525-526. A statement that exculpates a declarant's accomplice lacks the safeguards of trustworthiness attributed to a statement truly against interest. **Colon**, 846 A.2d at 757.

Here, because the statement exculpates appellant, it lacks the requisite indicia of reliability and would also be inadmissible for that reason. Additionally, it is unreliable because it was allegedly made one week after the commission of the crimes, which indicates that there was sufficient time for reflection. Moreover, the statement was made by one co-defendant to

another, and the two are also family members. The criminal and familial relationship between appellant and Smith, therefore, indicate a motive to lie.

Finally, we note that appellant concedes that he was permitted to introduce evidence that he first learned of the assault when Smith told him about it approximately one week after it occurred. (Appellant's brief at 7.) He nevertheless contends that Smith's out-of-court statement should have been admissible "to further explain the circumstances of the statement made by Jason Smith, as well as, the statement itself" and, without it, the jury was only left with a "general statement." (*Id.* at 7-8.) At sidebar and in his brief, however, appellant not only failed to demonstrate how the statement was against Smith's penal interest, but he also failed to show any corroborating circumstance to support its reliability. Our review of the record reveals none.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/16/2016