344 A.2d 483
**COMMONWEALTH of Pennsylvania**
v.
**Edward LEWIS, Appellant.**

Supreme Court of Pennsylvania.

Argued April 9, 1974.

Decided Oct. 3, 1975.

Brian E. Appel, Kleinbard, Bell & Brecker, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

PER CURIAM:

This is an appeal from the denial of relief following a hearing on appellant's petition under the Post-Conviction Hearing Act, Act of January 25, 1966, P.L. (1965) 1580, § 1 et seq., 19 P.S. § 1180–1 et seq.

■ Appellant alleges that the hearing judge erred in failing to grant relief because he has established 1) that his guilty plea was involuntarily entered due to medication; 2) that the trial court employed an incorrect legal standard in disallowing him to withdraw his guilty plea prior to sentencing and 3) that his trial counsel was inef-

fective. Under numerous decisions of this Court, appellant's first two claims are waived for failure to pursue them on direct appeal where such claims were cognizable. See PCHA, supra § 4(b), 19 P.S. § 1180–4(b). *Commonwealth v. Fiero,* 462 Pa. 421, 341 A.2d 448 (filed June 1975) ; *Commonwealth v. Via,* 455 Pa. 373, 376, 316 A.2d 895, 897 (1974).[1]

■ Because appellant was given new counsel for the first time for the purposes of this petition, this was his first opportunity to raise his third claim of ineffective assistance of trial counsel. Accordingly, this claim has not been waived. See *Commonwealth v. Dancer,* 460 Pa. 95, 331 A.2d 435 (1975); cf. *Commonwealth v. Via, supra,* 455 Pa. at 377, 316 A.2d at 898.

From the record it appears that the Commonwealth had a strong case against this appellant and in all likelihood a trial would have resulted in a conviction, possibly of a degree higher than that for which he was ultimately adjudicated guilty. Additionally there were other factors in appellant's background that would have justified the imposition of a maximum sentence under the charge of second degree murder. Through co-counsels' diligent efforts, an agreement was reached whereby the Commonwealth was willing to recommend a maximum sentence of not more than 15 years and a minimum sentence of not less than three years. These negotiations were known to the appellant and ostensibly were concurred in by him. The record reveals that it was not until the outset of the sentencing hearing, some five months after the entry of the plea, that co-counsel for the defense were

---

1. While appellant claimed a denial of his right to a direct appeal, see *Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), which claim, had he prevailed, would have prevented waiver, appellant failed to allege any facts in support of this claim, nor does he now challenge the adverse ruling on this issue by the hearing court. Accordingly, waiver under section 4(b) applies. See *Commonwealth v. Tunnell,* 463 Pa. 462, 345 A.2d 611 (filed this day).

advised that their client desired to reject the agreement and stand trial. At this point counsel immediately advised the court of this decision by their client and saw to it that the court was provided with all of the information germane to a decision on the request. The court however proceeded to deny the request for withdrawal.

The only basis presently urged in support of the incompetency of counsel claim is counsel's alleged ineffectiveness in asserting their client's request for the withdrawal of the plea. Reading this record we can find no basis for this claim. Immediately upon the communication of their client's desire to withdraw the plea, trial counsel communicated that fact to the court and attempted to obtain a favorable ruling. The mere fact that counsel in their professional judgment may have questioned the wisdom of their client's decision is not controlling. There was ample reason to support the view that a withdrawal of a plea and exposure to trial might well not have been in appellant's best interest. Accordingly, appellant's claim is without merit. *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967).

Order affirmed.

ROBERTS and POMEROY, JJ., concur in the result.