380 A.2d 906

**COMMONWEALTH of Pennsylvania**

v.

**Terry C. FISHEL, Appellant.**

Superior Court of Pennsylvania.

Submitted March 16, 1977.

Decided Dec. 2, 1977.

H. Stanley Rebert, Assistant Public Defender, York, for appellant.

Sheryl Ann Dorney, Assistant District Attorney, and Donald L. Reihart, District Attorney, York, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

The appellant, Terry C. Fishel was convicted, after jury trial, on York County Indictment No. 1485 October Term, 1974, of a single charge of forgery and on York County Indictment No. 1538 October Term, 1974, on two charges of forgery and one charge of burglary. All charges grew out of the burglary of a synagogue and the subsequent forgery of three blank checks taken in the burglary. Following the denial of post-trial motions, he appeals to our Court. Initially, we are faced with a dilemma because of the complicated procedural background of this consolidated appeal. Appeal No. 311 March Term, 1977 is on York County Indictment No. 1485 October Term, 1974; Appeal No. 11 March Term, 1977 is on York County Indictment No. 1538 October Term, 1974.

Appellant was tried on Indictment No. 1485 and Indictment No. 1538 in the same trial. Following a determination of guilt on all charges, written post-trial motions were filed and argued in the lower court. For some reason, only No. 1538 was the subject of direct appeal to this Court, at No. 11 March Term, 1977.

The appellant thereafter, through the vehicle of the Post Conviction Hearing Act ("PCHA") sought to gain the right to appeal his conviction on No. 1485 nunc pro tunc. On an initial PCHA Petition, his request was denied in that all counsel and the lower court shared the belief that No. 1485 had been appealed, along with No. 1538. A second PCHA petition was filed, and it is from the PCHA Court's Order of February 16, 1977, on the second PCHA petition, that the instant appeal is taken at No. 311 March Term, 1977.

At the second PCHA hearing, the lower court was advised that as a result of defense counsel's mistake no direct appeal had in fact been taken from the conviction at No. 1485. The lower court was further advised, however, that the Superior Court had issued an Order, refusing to allow an appeal nunc pro tunc, on No. 1485.[1] The lower court then, on February 16, 1977 ordered that the appellant be permitted a direct

1. There is no record of such an Order by this Court on our docket at either appeal No. 11 March Term, 1977 or No. 311 March Term, 1977.

appeal nunc pro tunc on No. 1485. In issuing its Order, the lower court expressed concern and doubt about the validity of its Order, in view of the alleged prior Order of the Superior Court denying the same relief.

Whatever the correct version of events may have been, appellant has taken the instant appeal, docketed at No. 311 March Term, 1977, in our Court, from the February 16, 1977 Order of the PCHA court, rather than from his judgment of sentence on No. 1485. In essence he appeals an Order which granted him the right to take an appeal nunc pro tunc. No other relief was sought at the PCHA hearing which resulted in the February 16, 1977 Order granting him appeal rights. In his brief submitted to this Court, no issue is raised nor discussion directed to the February 16, 1977 Order of the PCHA court from which this appeal arises. Inasmuch as no issue is presented for our review, we could only affirm the Order of February 16, 1977. However, it is readily apparent from his legal brief to this Court, as well as his PCHA efforts in the lower court, that appellant seeks this Court's review of his convictions on Nos. *1538 and 1485,* by way of direct appeal. It would serve no useful purpose, and only result in a probable later separate appeal on No. 1485 if our Court denies appellant direct review of his conviction at No. 1485 in this appeal. Moreover, we cannot ignore the fact that a series of errors by counsel and confusion in the lower court caused the complicated web of circumstances in which appellant is now bound. Thus, *sua sponte,* we will treat this appeal as a direct appeal on Indictment No. 1485, together with our review of the direct appeal on No. 1538.

█ The appellant raises three claims of trial error. He first maintains that the trial court should have granted his request for mistrial when the jury was made aware of the appellant's failure to pay a hotel and bar bill. It is reasoned that such information improperly introduced facts of other crimes to the jury, which were not then the subject of the prosecution before the jury.

The record shows that the first such reference arose when a hotel employee described the incident where appellant

cashed a forged check. In response to the district attorney's questions, the witness further testified that appellant left the hotel prior to the termination of his previously announced three-day stay and that he did so without paying for his lodging. Defense counsel asked that the answer regarding non-payment be stricken; his request was granted and the court clearly advised the jury to ignore it as it was no part of the case against appellant. Several more questions were propounded to the witness on other matters and he testified in response, before the defense counsel asked for a side bar conference. At this conference he asked that a mistrial be declared on account of the earlier nonpayment testimony. His request was denied. Later in the trial, a restaurant bar manager was testifying about another forged check which the appellant had cashed. He was describing the incident. He said that after he cashed the check he turned around and the appellant had disappeared. He continued, saying that he felt something was amiss as the appellant had departed without paying his bar bill. An immediate defense objection was raised and sustained. The judge again advised the jury to disregard the issue of non-payment. A second defense request for declaration of a mistrial was again denied.

Based upon these facts, and the record as a whole, wherein very strong evidence was introduced against the appellant on all charges, including a written confession by the accused, we find no cause for reversal. In *Commonwealth v. McKenna*, 206 Pa.Super. 317, 320, 213 A.2d 223, 225 (1965), this Court discussed the issue of the admission of facts at trial showing commission of another crime and noted that commission of another crime is admissible if it was part of the history of the event on trial or was part of the natural development of the facts. In the instant case, the questioned evidence was excluded, rather than admitted, but we believe it came before the jury as a part of the history of the events and was a part of the natural development of the facts of the case. Moreover, it is clear that evidence touch-

ing upon a defendant's motive is an exception or special circumstance justifying the *admission* of evidence concerning prior crimes. See *Commonwealth v. Williams,* 230 Pa. Super. 72, 327 A.2d 367 (1974). Also, such evidence would conceivably have been *admissible* for the purpose of showing flight. *Commonwealth v. Downer,* 159 Pa.Super. 626, 631, 49 A.2d 516 (1946). In view of the possible *admissibility* of this evidence, it certainly was not an abuse of the trial court's discretion to simply exclude it with a proper caution to the jury, rather than to declare a mistrial. *Commonwealth v. Wright,* 227 Pa.Super. 134, 323 A.2d 349 (1974).

■ The appellant's next contention is that his request at trial, that the courtroom be cleared, was erroneously denied by the trial court. We find no error. In the middle of his trial, the appellant's counsel stated that his client did not want to have any people in the courtroom when he took the stand. No reason was asserted to support this request other than appellant's desire that the courtroom be cleared; on appeal, no prejudice is alleged as a result of the trial court's refusal to grant the request. Upon our review of the record, we can discern no prejudice resulting to appellant from the denial of his request. Prejudice is a factor we must consider in evaluating a trial judge's conduct of the trial in circumstances such as these. Compare *Commonwealth v. Evans,* 465 Pa. 12, 348 A.2d 92 (1975), which involved a demonstration of grief by a victim's daughter at a homicide trial. In view of the absence of prejudice in the instant circumstance, we find no basis for reversal of the trial court's ruling regarding spectators at appellant's trial. See *Commonwealth v. Cave,* 219 Pa.Super. 512, 281 A.2d 733 (1971).

■ The final contention of appellant is that the lower court erred in refusing him permission to call one Terrance Manchor as a witness. The record shows that prior to resting his defense, the appellant offered to present Manchor as a witness. It was asserted that Manchor would testify that a fellow inmate, whose name Manchor refused

to disclose, had admitted the commission of the crimes on which appellant was being tried. After extensive discussion by counsel, the court refused to permit such testimony.

The appellant cites *Commonwealth v. Nash,* 457 Pa. 296, 324 A.2d 344 (1973)[2] to support his position. In *Nash,* our Supreme Court discussed the circumstances under which declarations against penal interest, while hearsay, would be admissible. It was required for admissibility that the declaration in issue had been made in circumstances which would provide a considerable assurance of reliability. While the concurring justices on the Supreme Court seemingly criticized the injection of the evaluation of "reliability" in the decision making process regarding admission of statements contrary to penal interest, in view of the evenly divided vote of the Supreme Court, we must make reference to existing prior precedent. In *Commonwealth v. Hackett,* 225 Pa.Super. 22, 307 A.2d 334 (1973) our Court held that declarations against penal interest would be admissible inter alia, when they "are inherently trustworthy in that they are written or orally made to reliable persons of authority or those having adverse interests to the declarant." *Id.,* 225 Pa.Super. at 29–30, 307 A.2d at 338. Our decision in *Hackett* closely followed the standards enunciated by the United States Supreme Court in *Chambers v. Mississippi,* 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973), where the same issue was discussed. In applying this standard to the instant case, as did the trial judge, we are convinced that the decision to exclude the testimony in question was correct. We can hardly imagine more likely "unreliability" than appears in the present case, where a felon offers the purported inculpatory statement, but refuses to even reveal the identity of the declarant, another felon. Neither the circumstances under which the statements were purportedly made nor the circumstance under which they were offered at trial in this

2. In *Nash,* Justice O'Brien filed an Opinion in which Justice Eagen joined. Justice Roberts filed a Concurring Opinion in which Chief Jones and Justice Pomeroy joined. Justice Nix concurred in the result and Justice Manderino did not participate.

case provided any assurance of reliability and exclusion of such testimony was proper.

Affirmed.

HOFFMAN and SPAETH, JJ., concur in the result.