408 A.2d 1128

COMMONWEALTH of Pennsylvania

v.

George Alvin CORBIN, Jr., Appellant.

Superior Court of Pennsylvania.

Submitted Oct. 26, 1978.

Filed Aug. 15, 1979.

Benjamin Spencer Blakley, III, Clearfield, for appellant.

Laurance B. Seaman, Clearfield, for Commonwealth, appellee.

Before VAN der VOORT, SPAETH and MONTGOMERY, JJ.

VAN der VOORT, Judge:

On or about April 29, 1977, eight complaints were filed charging the appellant, George Alvin Corbin, Jr. with forgery, receiving stolen property and criminal conspiracy. The District Attorney's Office of Clearfield County subsequently decided to prosecute the appellant on three counts of forgery, three counts of receiving stolen property and three counts of criminal conspiracy, such charges to be prosecuted in three separate cases. The appellant was brought to trial on September 21, 1977 on one count of forgery, one count of receiving stolen property and one count of criminal conspiracy. During the course of this trial, a witness for the Commonwealth, Detective Hays of the Pittsburgh Police Department, testified that he knew that the appellant was wanted by the Parole Board in Allegheny County. At this point, the appellant's attorney objected, and his objection was sustained. He then asked for a mistrial, and that request was denied. Subsequently, appellant's attorney filed post-trial motions alleging the trial court erred in denying the mistrial. The post-trial motions were denied by the lower court on May 18, 1978.

On November 14 and 15, 1977, appellant was tried again on a second series of charges, and again convicted of for-

gery, receiving stolen property and criminal conspiracy. On November 15, 1977, the District Attorney's Office of Clearfield County, Pennsylvania, filed a petition for extension of time beyond 180 days, as provided in Rule 1100 of the Pennsylvania Rules of Criminal Procedure, for the third series of charges, averring that prejudice would result to the appellant if he was tried by the same jury panel that had convicted him in the prior criminal matter. The District Attorney's Office at that time was prepared for trial as was the appellant. At the time of the filing of the petition for extension of time by the District Attorney's Office of Clearfield County, the appellant's attorney vigorously opposed the District Attorney's petition for extension of time and expressed his intention of waiving all objections he may have had concerning the prejudice of the jury panel. The lower court granted this extension of time, and trial was scheduled to commence on the final forgery, receiving stolen property and criminal conspiracy counts on January 23, 1978.

Prior to the commencement of the January term of Criminal Court, appellant's attorney filed a timely motion to dismiss under Rule 1100 of the Pennsylvania Rules of Criminal Procedure, averring that more than 180 days had elapsed from the filing of the complaint, and that the trial court erred in granting the extension of time from the November term of court. The lower court denied appellant's motion for dismissal under Rule 1100, and appellant went to trial and was found guilty on January 23, 1978. Timely post-trial motions for a new trial and arrest of judgment were filed by appellant on all three sets of convictions. The post-trial motions were denied by the lower court and sentence imposed.

Appellant has appealed to this court.

Defendant's counsel has filed a brief arguing two points:

1. That the court erred in refusing a mistrial after the prosecution witness's volunteered comment that "I had knowledge that George was wanted by the Parole Board, in Allegheny County."

2. That the court erred in not dismissing the third group of charges for violation of Rule 1100.

Defendant has also filed a brief pro se claiming ineffective assistance of counsel.

We will consider each in the order listed above.

1. *The reference to defendant's being wanted by the Parole Board.*

The question by the Commonwealth's attorney was simply:

"Would you state please what you did that day when you saw George Corbin?"

The answer was not responsive to the question:

"I had knowledge that George was wanted by the Parole Board . . ."

Defendant's counsel moved immediately for a mistrial, and the court refused the motion, but immediately gave these cautionary instructions to the jury:

"THE COURT: Members of the jury, I have been asked to instruct you, and quite properly so, at this point that the fact that this detective has testified that he knew at the time in question that the Defendant was wanted for questioning by the Parole Board, has absolutely no bearing on this case.

For whatever purposes the Parole Board may have wanted to talk to the Defendant, whether it would be for obtaining information from him, or asking him to testify for them on some other matter, or for whatever reason, you may not take that statement by this witness as having any bearing whatsoever on your decision as to your verdict in this trial."

Direct references during trial to a defendant's involvement in another unrelated crime are grounds for a new trial. *Commonwealth v. Black*, 464 Pa. 604, 347 A.2d 705 (1975); *Commonwealth v. Allen*, 448 Pa. 177, 292 A.2d 373 (1972); *Commonwealth v. Rivers*, 238 Pa.Super. 319, 357 A.2d 553 (1976).

Where the possible prejudice derives from a "passing reference", as appears to be so in this present case, and cautionary instructions given to the jury, the courts have not required the granting of a mistrial: *Commonwealth v. Irwin*, 475 Pa. 616, 381 A.2d 444 (1977); *Commonwealth v. McFadden*, 464 Pa. 265, 346 A.2d 550 (1975); *Commonwealth v. Hill*, 237 Pa.Super. 543, 353 A.2d 870 (1975). Instantly the reference to the defendant and the Parole Board was not a direct statement that defendant was involved in an unrelated crime. The trial judge gave corrective instructions. We believe the trial judge handled the problem correctly and adequately in this present case.

2. *The violation of Rule 1100.*

On November 15, 1977, in order to avoid the sanctions to Rule 1100, the Commonwealth asked the Court to postpone trial of a series of charges against defendant to a subsequent term. The apparent reason for this petition was to avoid prejudice to defendant, since defendant had been convicted by a jury of similar charges on September 21, 1977 and was on trial on a second series of charges on November 14 and November 15, 1977.

Defendant and his counsel advised the court that defendant wanted to proceed to trial "on this term of court" (Transcript of hearing 11/15/77), and the court stated: "we will pick jurors to try him this term."

The next morning, November 16, 1977, the Commonwealth renewed its request for a postponement, and the court issued an oral order, confirmed by this written order:

"Now, this 16th day of November 17, upon application of the Commonwealth for extension of time under Rule 1100; even though Defendant objects thereto, this Court is satisfied that prejudice resulting to him from further jury trials in this term of Court in view of that fact that jurors from this same panel have already tried and convicted him of previous charges; it is the ORDER of this Court that said motion be and is hereby granted and time for trial on all pending charges extended to the next term of Criminal Court or March 1st, 1978, whichever shall first occur."

The Commonwealth's Brief argues that "the reason for the delay is evident and substantial . . . the court was well within its discretion in weighing the possible prejudice to the public interest in providing appellant a trial by a fair and impartial jury against that which would occur from an extension of time beyond the 180 days required by Rule 1100."

Defendant's counsel contends (pages 11 and 14 of his Brief) that the purpose of Rule 1100 is "to effectively protect the right of criminal defendants to a speedy trial . . .", *Commonwealth v. Hamilton*, 449 Pa. 297, 308, 297 A.2d 127, 133 (1972), *Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d 1345 (1976), and that defendant is now entitled to a dismissal of the last series of charges.

Rule 1100(c) provides for extension of the trial date beyond 180 days on application by the Commonwealth to the court, with defendant entitled to be heard. The application is to be granted, per (c):

"only if the trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth."

If the quoted language is to be applied literally, this postponement should not have been granted, since the case could have commenced in November 1977.

If defendant had joined in the request for the postponement, obviously the postponement could and should have been granted.

For whatever reasons, defendant and his counsel asked that the case proceed to trial on November 15, 1977, and the court, on November 16th, reversing its declared position on November 15th, decided to order the postponement because the court believed a *"fair trial"* was not possible in November.

Judge Reilly's opinion emphasizes that not only the defendant, but the public "has a compelling interest in justice for all", citing *Commonwealth v. Pickett*, 456 Pa. 442, 321 A.2d 877 (1977).

*Stewart* involved a charge of murder in the first degree. There had been a first trial and a conviction which was reversed, and a new trial ordered for refusal of the trial judge to withdraw a juror when the court became aware that the defendant's father had been a member of the panel of jurors. At the second trial, a jury had been selected and impaneled when the trial judge was informed that the father of the victim was now a tipstaff and attending the jurors. Counsel and the defendant were advised, and defendant and his counsel, after consultation, told the court they would make no motion. The court then declared a mistrial sua sponte. Defendant then claimed double jeopardy, which was denied and the case appealed to the Supreme Court. Our appellate court affirmed, 5 to 2, with Justices Roberts and Manderino dissenting.

The majority cited *United States v. Perez*, 22 U.S. 579, 9 Wheat. 579, 6 L.Ed. 165 (1824) as holding that a trial court has the authority to abort a trial if, in all the circumstances, in the court's sound discretion "there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated." Similarly in *Gori v. United States*, 367 U.S. 364, 368, 81 S.Ct. 1523, 1526, 6 L.Ed.2d 901 (1961) the court held it within the discretion of the trial court to declare a mistrial.

"Where, for reasons deemed compelling by the trial judge, who is best situated intelligently to make such a decision, the ends of substantial justice cannot be attained without discontinuing the trial, a mistrial may be declared without the defendant's consent and *even over his objection* . . ."

We believe that the trial judge's decision in this present case was correct, and we affirm. In the very difficult circumstances present, the judge had the judicial responsibility, as best he could, to insure that a fair trial be had, even though defendant objected.

3. *Inadequacy of counsel.*

■ On this point defendant has filed pro se a 20 page brief, plus exhibits. His concluding argument is that "the three trials under the same information . . . were

undertaken with gross disregard for the United States Constitution and fundamental fairness; and both counsel . . Milgrub and . . . Blakley III, of the Public Defender's Office grossly failed to protect appellant's rights . . . ."

No answer has been filed to the defendant's pro se brief, and the trial judge's opinion makes no reference to the problem of inadequate counseling.

The arguments made by defendant center principally on these circumstances:

1. He was given no opportunity to have counsel represent him at a preliminary hearing in August 1977.

2. That his first attorney Milgrub was appointed on September 2, 1977, with a jury trial scheduled for September 19, 1977.

3. That counsel needed to attend a preliminary hearing to inform himself of the details of the case.

4. That counsel was not prepared to proceed with the trial either before or after the preliminary hearing.

These first four arguments were handled by the court by ordering a preliminary hearing before actual trial began. On September 9, 1977, appellant, by written petitions, requested a preliminary hearing and a continuance. The trial court refused the continuance but ordered a preliminary hearing. The preliminary hearing took place on September 20, 1977 at 7:00 P.M. and the trial commenced on September 21, 1977, beginning at 9:14 A.M.

5. In the first two trials, counsel failed to object to the introduction of evidence of certain checkwriting equipment, etc., illegally seized, according to defendant.

There is available no adequate transcript of testimony, so there is no readily available means of supporting or refuting this argument. Attorney Milgrub's post-trial motion makes no reference to the matter. Defendant's exhibit 6 is a copy of a post-trial motion apparently prepared by Attorney Blakley, which claims that the trial judge erred in receiving into evidence a check-writing machine and a box of checks

allegedly seized illegally. The docket and the record received by us does not refer to or contain that motion, which defendant says was not filed in time.

Before the trial scheduled for January 23, 1978, defendant filed a motion to suppress the use of that material. The Commonwealth did not oppose the motion, and the court ordered the material suppressed.

6. Was counsel ineffective in failing to pursue defendant's petition (pro se) for dismissal under Rule 1100.

Counsel also moved for dismissal on the basis of Rule 1100, and we have already considered that aspect of this case.

Inasmuch as we are unable to determine from the record before us whether or not defendant was represented by ineffective counsel either pretrial, trial, or post trial in either of the first two trials (one on September 21, 1977 and the other on November 15, 1977), we are remanding the cases tried on those two dates. The court below is directed to hold an evidentiary hearing to determine the question of effectiveness of counsel. If it is determined that counsel for defendant was ineffective in one or both of said trials, then the defendant shall be granted a new trial in one or both series of charges. If on the other hand it is determined that counsel was not ineffective in either of said trials, the judgment of said sentences following those trials will be affirmed.

We affirm the convictions in the cases tried on January 23, 1978, however, this group of cases is remanded to the court below for resentencing in the event that a new trial should be granted in either of the other series of cases. After the court below has made its decisions, either party may appeal.

Affirmed in part and remanded in par. with directions.

SPAETH, J., concurs in the result.