419 A.2d 1187

**COMMONWEALTH of Pennsylvania**

v.

**Maria AYALA, Appellant.**

Superior Court of Pennsylvania.

Submitted March 22, 1979.

Filed April 3, 1980.

---

Colie B. Chappelle, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before VAN der VOORT, HESTER and WIEAND,* JJ.

HESTER, Judge:

Following a jury trial, appellant Maria Ayala was convicted of five counts of knowingly or intentionally possessing a controlled substance (heroin), two counts of manufacture, delivery, or possession with intent to deliver a controlled substance (heroin), and five counts of criminal conspiracy. Post trial motions were argued and denied and an aggregate sentence of nine and one–half to twenty years imprisonment was imposed. This direct appeal followed.

Facts adduced at trial established that on divers dates in February and March, 1977, undercover narcotics Officer Walter Smith visited a residence at 513 Rising Sun Avenue in Philadelphia for the purpose of purchasing quantities of heroin. Appellant and one Michael Hernandez were present at each transaction and jointly participated in the sales to

* Judge DONALD E. WIEAND is sitting by special designation.

Officer Smith. Both individuals were arrested following the fifth and final sale in the early morning hours of March 11, 1977. In defense to the charges, appellant flatly denied participating in any of the transactions and presented testimony suggesting that the Commonwealth's scenario was a fabrication by narcotics officers in an effort to pressure appellant's daughter, Mildred Carrasquillo, a reputed drug dealer, to act as a police informant.

Appellant first contends that the Commonwealth's use of a blackboard before the jury was prejudicial error. During the direct examination of Officer Smith, the assistant district attorney wrote on the blackboard, for each drug sale, the date, amount of heroin and money exchanged, and the property receipt number for the drugs. When subsequent police officers testified, the blackboard was turned away so as to prevent the witnesses from conforming their testimony to the recorded figures. Only when each witnesses' testimony was shown to be in accord with that already recorded was the board turned back. We find no error in the prosecutor noting the basic facts of the case as Smith testified where there were a series of five separate transactions and varying figures involved. Such diagrams are normally admissible, if shown to be accurate, in order to aid the jury in understanding the testimony of a witness. Cf. *Wilson v. Nelson*, 437 Pa. 254, 258 A.2d 657 (1969). "Whether the . . . diagram is admissible is a question for the trial court in his discretion to resolve and his ruling will not be disturbed unless there has been an abuse of that discretion." Wharton, Criminal Evidence, (14th ed., Torica, 1973) § 641. In *Commonwealth v. Laniewski*, 427 Pa. 455, 235 A.2d 136 (1967), the police officer was permitted to transcribe onto a board the contents of bookmaking slips seized from the defendant. The Court stated it was not "error for the court to permit the witness to demonstrate on the board diagram the contents of the slips. 'A wide discretion is vested in the trial judge in permitting demonstrations or experiments to be made in the presence of the jury.' Henry, Pa. Evidence, Vol. 1, § 424. The judge's determination that

it would be helpful for the jury to see the diagram on the board was a proper exercise of that discretion." Id., 427 Pa. at 460, 235 A.2d at 139. See also, *Commonwealth v. Morgan*, 448 Pa. 494, 295 A.2d 77 (1972); *Commonwealth v. Kelly*, 484 Pa. 527, 399 A.2d 1061 (1979) (due to complexity of charges and nature of perjury–bribery trial, court did not err in placing identifying notations for jury on verdict slip).

In the instant case, five sales were involved each on different dates with different amounts of drugs and money, and different property receipt numbers. To record such figures was certainly an aid to the jury in ferreting out the facts of the case. The board did not go into the jury room during deliberations nor were the jurors themselves permitted to record the figures. Pa.R.Crim.P. 1113. Moreover, we note that, during the cross–examination of Officer Smith, appellant's counsel himself employed a diagram in order to show the jury the streets and homes surrounding 513 Rising Sun Avenue. N.T. 2.81. We can hardly disapprove of the Commonwealth's use of the blackboard when appellant herself employed a similar tack. There was no abuse of discretion.

Next, appellant assigns as error the court's refusal to admit certain "exculpatory evidence" proffered by her. Appellant's counsel informed the court that appellant's accomplice Michael Hernandez had told a defense investigator that appellant was not involved in any of the drug transactions and that he (Hernandez) alone had dealt with Officer Smith on each occasion. N.T. 4.27–33. This statement was also purportedly given to appellant's daughter and defense counsel. It was established that Hernandez was at that time awaiting trial on these charges and apparently later pled guilty. It was also established if Hernandez would be called as a defense witness he would invoke his Fifth Amendment privilege against self–incrimination and thus the trial court would not permit appellant to call Hernandez. *Commonwealth v. Greene*, 445 Pa. 228, 285 A.2d 865 (1971). Appellant urges that Hernandez' statement exculpating appellant, although clearly hearsay, was nonetheless admissible as a declaration against his penal interest. We do not agree.

 Although our courts have now recognized the admissibility of the declaration against penal interest as an exception to the hearsay rule, *Commonwealth v. Colon*, 461 Pa. 577, 337 A.2d 554 (1975); *Commonwealth v. Nash*, 457 Pa. 296, 324 A.2d 344 (1974); *Commonwealth v. Hackett*, 225 Pa.Super. 22, 307 A.2d 334 (1973), it is also clear that not all such statements are *per se* admissible in evidence. *Commonwealth v. Christina*, 481 Pa. 44, 391 A.2d 1307 (1978). "Such declarations must be made 'under circumstances that provide considerable assurance of their reliability in order to be admissible as exceptions to the hearsay rule." *Commonwealth v. Cooke*, 267 Pa.Super. 34, 40, 405 A.2d 1290, 1292 (1979). See also, *Chambers v. Mississippi*, 410 U.S. 284, 300, 93 S.Ct. 1038, 1048, 35 L.Ed.2d 297 (1973); *Commonwealth v. Lewis*, 472 Pa. 235, 372 A.2d 399 (1977); *Nash*, supra; *Commonwealth v. Fishel*, 251 Pa.Super. 528, 380 A.2d 906 (1977). Thus, our courts have recognized the "inherent unreliability of a confession exculpating possible accomplices at no cost to the declarant." *Commonwealth v. Tervalon*, 463 Pa. 581, 588, 345 A.2d 671, 675, fn. 2 (1975). In *Colon*, supra, the appellant was prosecuted for the murder of a 91 year–old man. One Hernandez had been previously arrested for the crime and gave a statement to the police indicating he acted alone in the murder. The Commonwealth proceeded on the theory that Hernandez and the appellant acted in concert in carrying out the murder. Hernandez refused to testify as a defense witness, yet appellant sought to introduce the statement as exculpatory evidence urging that it was a declaration against Hernandez' penal interest. The Supreme Court agreed that the confession was properly excluded, stating:

> We conclude that the fact stated in that portion of Hernandez's confession which exculpated any possible accomplices was not against interest and hence that portion was inadmissible. By telling the police that he acted alone, Hernandez admitted no additional crime, subjected himself to no additional punishment. Since it was not contrary to Hernandez's interest to assert he acted alone, the portion of the statement in which he claimed to have

acted alone does not have the safeguards of trustworthiness attributed to a statement truly against interest. On this basis, the trial court's decision was correct as to this part of the statement. 461 Pa. at 584, 337 A.2d at 558. See also, *Commonwealth v. Weaver*, 274 Pa.Super. 593, 418 A.2d 565 (1980); *Commonwealth v. Perry*, 268 Pa.Super. 136, 407 A.2d 867 (1979); *Commonwealth v. Mitchell*, 246 Pa.Super. 132, n.1, 369 A.2d 846, n.1 (1977).

In the instant case, the out–of–court declarant Hernandez already stood charged with the various drug sales and conspiracies for which appellant was tried. By exonerating appellant as an accomplice, Hernandez did not subject himself to any additional charges or more severe punishment and in no way could be considered to have adversely affected his penal interest. The offer was thus properly refused.

■ Appellant also contends the court relied on impermissible factors in imposing sentence. Counsel was permitted to point out two inaccuracies in the pre–sentence and psychiatric reports: 1) the pre–sentence report stated appellant had pled guilty in federal court to drug charges, whereas, appellant pointed out to the court that appellant had actually been found guilty after a jury trial; 2) the same report stated that appellant's entire family has been involved with drugs and is apparently "in the narcotics business." Counsel pointed out to the court that appellant should be sentenced solely on her record and not her family's record.

Appellant directs us to no other inaccuracies in the thorough presentence and psychiatric reports which have been included in the record. The court acknowledged counsel's comments and stated, "She is going to be sentenced for what she did and not for what the rest of her family did at the same place." N.T. 11/28/77, p. 49. The court adequately stated the reasons for the sentence imposed, *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977), and made reference to the mandated guidelines for sentencing, N.T. p. 54, mindful of the character of appellant and the individual circumstances of the offense. *Commonwealth v. Martin*, 466 Pa. 118, 351 A.2d 650 (1976). Further, the record reflects

careful consideration by the court of the pre–sentence and psychiatric reports, both of which recommended a lengthy sentence. See *Commonwealth v. Weitkamp*, 255 Pa.Super. 305, 386 A.2d 1014 (1978). We perceive no error in the procedure employed to impose this sentence nor does the record reflect that the court relied on any impermissible factors. Compare, *Commonwealth v. Bethea*, 474 Pa. 571, 379 A.2d 102 (1977). Indeed, the court expressly disclaimed reliance on those items found objectionable by defense counsel. See, e. g., *Commonwealth v. Johnson*, 274 Pa.Super. 593, 418 A.2d 565 (1980). .

We have reviewed appellant's remaining contentions and find them without merit and ably answered in Judge Braig's Opinion below.

Judgment of sentence affirmed.