454 A.2d 595

**COMMONWEALTH of Pennsylvania**

v.

**Horace DAVIS, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 21, 1982.

Filed Dec. 22, 1982.

John H. Chronister, Assistant Public Defender, York, for appellant.

Richard H. Horn, Assistant District Attorney, York, for Commonwealth, appellee.

Before WIEAND, CIRILLO and POPOVICH, JJ.

CIRILLO, Judge:

Appellant was convicted by a jury of robbery.[1] After motions for a new trial and in arrest of judgment were denied, he was sentenced to a term of not less than one and a half nor more than three years in a state correctional facility. He now appeals from said judgment of sentence. We affirm.

The record indicates that on or about 1:10 p.m. on a street in downtown York a woman walked by two black males, one of which was identified as the appellant. She testified at trial that appellant grabbed her shoulder-bag, slapped her in the face five or six times, and then fled the scene. She further testified that she was in fear of the appellant. She described the other man as having done nothing. Appellant was apprehended by the police about five minutes later and was immediately identified by the victim as her assailant.

Appellant denied being the one who assaulted the victim and said that the other man who was present, Clary. Orr, Jr., was the real assailant. Clary Orr, Jr., after being advised of his rights by the court and upon advice of counsel, refused to testify. His father, Clary Orr, Sr., who was called by appellant, testified that appellant told him that the appellant and Clary, Jr., went out to snatch pocketbooks on the day in question.

■ Appellant contends that the trial court erred in refusing to allow appellant to call Clary Orr, Jr., as a witness because Clary, Jr., had claimed his Fifth Amendment right against self-incrimination. We disagree.

In *Commonwealth v. Greene*, 445 Pa. 228, 285 A.2d 865 (1971) the Supreme Court of Pennsylvania stated that a jury may not draw an inference from a witness' exercise of his Fifth Amendment right to remain silent whether the inference be favorable to the prosecution or *defense.*

[1]. 18 Pa.C.S.A. § 3701.

Again, in *Commonwealth v. Duval,* 453 Pa. 205, 307 A.2d 229 (1973) the Court stated that as it was reversible error for the prosecution to call a witness to the stand with prior knowledge that he would exercise his Fifth Amendment right to remain silent, so, too, was it improper for the defense to attempt to capitalize upon this same inference.

This identical proposition was cogently articulated by this Court as recently as *Commonwealth v. Bellacchio,* 296 Pa.Super. 468, 442 A.2d 1147 (1982) wherein the Court by Judge Wieand stated:

Therefore, the trial court properly refused to allow appellant to call Meade to the stand after the trial judge had been advised in chambers by Meade and his attorney that Meade would invoke the Fifth Amendment if called as a witness. A witness should not be placed on the stand solely for the purpose of having him exercise his privilege against self-incrimination before the jury. "If it appears that a witness intends to claim the privilege as to essentially all questions, the court may, in its discretion, refuse to allow him to take the stand. Neither side has the right to benefit from any inferences the jury may draw simply from the witness' assertion of the privilege..." *United States v. Lacouture,* 495 F.2d 1237, 1240 (5th Cir.), *cert. denied,* 419 U.S. 1053, 95 S.Ct. 631, 42 L.Ed.2d 648 (1974), quoting *United States v. Johnson,* 488 F.2d 1206, 1211 (1st Cir.1973). See also: *Bowles v. United States,* 142 U.S.App.D.C. 26, 32, 439 F.2d 536, 542 (1970), *cert. denied,* 401 U.S. 995, 91 S.Ct. 1240, 28 L.Ed.2d 533 (1971); *Commonwealth v. Greene,* 445 Pa. 228, 231–232, 285 A.2d 865, 867 (1971); *Commonwealth v. Pritchard,* 270 Pa.Superior Ct. 461, 468, 411 A.2d 810, 814 (1979); *Commonwealth v. Hackett,* 225 Pa.Superior Ct. 22, 24 n. 2, 307 A.2d 334, 335 n. 2 (1973).

In applying the aforesaid principle, it seems clear to this Court that the trial judge was correct in his refusal to allow the defense to call Clary Orr, Jr., to the stand for the sole purpose of allowing the defense to gain benefit from an improper inference.

■ Additionally, appellant maintains that the trial court erred in refusing to admit into evidence the prior statement made by Clary Orr, Jr., which exculpates the appellant. While this statement is undoubtedly hearsay as it is an out-of-court statement which is being offered for the truth of the matter asserted, specifically, that appellant is not guilty, it may be argued that it is an exception to the hearsay rule. In particular, that the statement was a declaration against Clary Orr, Jr.'s, penal interest.

In *Commonwealth v. Ayala*, 277 Pa.Super. 363, 419 A.2d 1187 (1980), this Court addressed the issue of the admissibility of declarations against penal interests. The Court stated:

> Although our courts have now recognized the admissibility of the declaration against penal interest as an exception to the hearsay rule, *Commonwealth v. Colon*, 461 Pa. 577, 337 A.2d 554 (1975); *Commonwealth v. Nash*, 457 Pa. 296, 324 A.2d 344 (1974); *Commonwealth v. Hackett*, 225 Pa.Super. 22, 307 A.2d 334 (1973), it is also clear that not all such statements are *per se* admissible in evidence. *Commonwealth v. Cristina*, 481 Pa. 44, 391 A.2d 1307 (1978). "Such declarations must be made 'under circumstances that provide considerable assurance of their reliability in order to be admissible as exceptions to the hearsay rule.' *Commonwealth v. Cooke*, [267] Pa.Super. [34, 40], 405 A.2d 1290, 1292 (1979). See also, *Chambers v. Mississippi*, 410 U.S. 284, 300, 93 S.Ct. 1038, 1048, 35 L.Ed.2d 297 (1973); *Commonwealth v. Lewis*, 472 Pa. 235, 372 A.2d 399 (1977); *Nash*, supra; *Commonwealth v. Fishel*, 251 Pa.Super. 528, 380 A.2d 906 (1977).

From the record before us, we are unable to say that the learned trial judge abused his discretion. The courts have long recognized the inherent untrustworthiness of a third party's declaration which serves to exculpate his possible accomplices. *Commonwealth v. Tervalon*, 463 Pa. 581, 345 A.2d 671 (1975). *See also*, Federal Rule of Evidence 803(3), which embodies this common law principle by requiring that a statement tending to expose the declarant to criminal

liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.

Next, appellant maintains that the trial court erred in refusing to grant the appellant's request for a mistrial when the district attorney in questioning appellant querried:

Q. But you saw it happen, didn't you?

A. Right.

Q. Why didn't you tell the police you saw it happen?

A. Like I said, it wasn't none of my business.

Q. And this is the first day you have ever told anybody that it was somebody else?

A. No, I told other people.

Q. But you never told the police?

A. Right.

Q. *You have been sitting in jail for three months* and you never told the police that it was somebody else who did it, is that right?

(emphasis added)

■ Appellant's reliance upon *Commonwealth v. Colon,* 264 Pa.Super. 314, 399 A.2d 1068 (1979), is misplaced, as the reference by the prosecution in *Colon* was to *prior* criminal acts. In general, the admission of testimony which details or from which the jury may reasonably infer past criminal conduct on the part of the defendant constitutes reversible error. *Commonwealth v. Martin,* 479 Pa. 63, 387 A.2d 835 (1978); *Commonwealth v. Adams,* 476 Pa. 91, 381 A.2d 882 (1977); *Commonwealth v. Gore,* 262 Pa.Super. 540, 396 A.2d 1302 (1978).

This rule prevents the jury from drawing an inference that if the defendant has committed other crimes, he is more likely to have committed the crime for which he is now being tried.

■ In the instant fact pattern, however, the reference was not to incarceration for prior acts, but rather the prosecution referred to the appellant's incarceration based upon the present charges. Moreover, the trial judge's cautionary instruction cured the error and any possible

prejudice which may have inured to the appellant therefrom. The trial judge stated:

THE COURT: Ladies and Gentlemen of the Jury, I want you to listen very carefully to what I have to tell you. You remember that shortly before the recess, the Defendant was asked something, and I have forgotten even the exact phraseology, but I think it was, "Haven't you been in jail for the last three months," and he said, "Yes." So I think it could be safely assumed that you would gather from that that the Defendant is presently incarcerated in the York County Jail.

Now, I want to explain something to you. You should give the fact that the Defendant is presently in jail no significance at all in this case. It has nothing to do with it and I want to explain why. The Defendant is in prison simply because, and only because, he has not had the money nor the funds to make bail. His bail was set quite high and he couldn't make bail, and that is the only reason he is in prison. He is in prison through no fault of his own. He has no prior criminal activity of any kind. His record is absolutely clean. He has not been in trouble before. He has no criminal activity, and the mere fact that he is in prison, through no fault of his own, should in no way influence you, and I caution you strongly that you should not infer that he is guilty of this charge simply because he is presently in jail. It is unfortunate that he is. He is there through no fault of his own, and I hope you clearly understand that. All right.

In the case at bar, the trial judge most jealously protected the rights of the appellant. It is well established that a cautionary instruction may cure a defect such as the one now before this Court. *Commonwealth v. Corbin,* 268 Pa.Super. 526, 408 A.2d 1128 (1979); *Commonwealth v. Frank,* 263 Pa.Super. 452, 398 A.2d 663 (1979).

■ Lastly, appellant argues that the trial court erred in denying appellant's timely request for a directed verdict on the basis that there was no proof by the Commonwealth of any serious bodily injury or threat thereof to the victim.

We find this contention wholly frivolous and without merit as the record clearly indicates that appellant slapped the victim five or six times when grabbing her pocketbook as well as direct testimony that the victim was in fear of additional harm. Certainly, this testimony and all reasonable inferences flowing therefrom was sufficient to deny appellant's motion for a directed verdict. *Commonwealth v. Duncan*, 473 Pa. 62, 373 A.2d 1051 (1977); *Commonwealth v. Petrie*, 277 Pa.Super. 239, 419 A.2d 750 (1980).

Having addressed all issues raised and finding each to be without merit, we affirm the judgment of sentence of the lower court.

Judgment of sentence affirmed.

WIEAND, J., files a concurring statement.

WIEAND, Judge, concurring:

I agree fully with the result achieved by the majority. However, I would affirm the trial court's refusal to receive the exculpatory, extrajudicial statement made by Clary Orr, Jr. for reasons set forth in the opinion of Mr. Justice Roberts in *Commonwealth v. Colon*, 461 Pa. 577, 337 A.2d 554 (1975).