480 A.2d 1240

**COMMONWEALTH of Pennsylvania**

**v.**

**Albert HAILEY, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 7, 1983.

Filed Aug. 17, 1984.

168

Arnold L. New, Philadelphia, for appellant.

Jane C. Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before BROSKY, MONTGOMERY and CERCONE, JJ.

BROSKY, Judge:

This appeal is from judgment of sentence imposed subsequent to conviction of robbery, conspiracy and theft. Appellant raises seven issues on appeal. First, that trial counsel was ineffective in not raising in post-trial motions

the testimony of the alleged victim and investigating detective regarding the prearrest photographic identification as the jury could have inferred prior criminal activity of appellant. Second, that trial counsel was ineffective for eliciting during cross-examination that appellant was incarcerated as the same inference could have been drawn. Third, that trial counsel was ineffective for not introducing at the hearing on Suppression of Identification by the alleged victim evidence that she had stated at the Preliminary Hearing that she was unable to identify appellant. Fourth, that trial counsel was ineffective for not making any opening statement to the jury. Fifth, that the categorization of appellant by the District Attorney as a "Career Criminal" thereby placing him before one of three designated judges deny appellant his right to due process and a fair trial; the classification was incorrectly applied to appellant since he did not have two prior convictions; and the classification violates appellant's right to equal protection under the United States and Pennsylvania Constitutions as it is vaguely drafted and violates his right to due process since it allows for arbitrary and capricious application and enforcement. Sixth, that the trial court erred in charging the jury that evidence of flight could be considered as an indication of guilt. Seventh, that the sentencing court improperly considered a prior conviction overturned on constitutional grounds.

Appellant raises numerous assignments of error, several of which are framed in terms of trial counsel's ineffectiveness. Since appellant is now represented, for the first time, by counsel other than trial counsel, these issues are properly before us. *Commonwealth v. Lewis*, 463 Pa. 180, 344 A.2d 483 (1975).

■ The instant charges arose out of the armed robbery of the Jet Bar by two men who wore stocking masks and a third man identified as appellant by the barmaid Shardell Thompson. Appellant first argues that it was error to permit the barmaid and a police officer to testify regarding a photographic identification. We disagree. In making a

determination as to what constitutes error when reference is made to photographs of the accused, the controlling question is whether or not a juror could reasonably infer from such reference that the accused had engaged in prior criminal activity. *Commonwealth v. Allen,* 448 Pa. 177, 292 A.2d 373 (1972). The facts in the instant case reveal that the witness was shown approximately eight photographs during a police interview at the witness's home. There was no reference to the photographs as "mug shots" or any other indication that the photographs came from police files. The photographs themselves were not displayed to the jury or introduced into evidence. The only connection to the police is the fact that a police officer showed the photographs to the witness. This is insufficient to raise an inference of prior criminal activity. *Commonwealth v. Reiss,* No. 105 E.D.1982 (Pa. Oct. 27, 1983).

Appellant next contends that trial counsel was ineffective when he elicited, during cross-examination, that appellant was incarcerated. This occurred during testimony regarding a lineup held in connection with the instant case and in which all lineup participants wore prison garb. Assuming the references to institutional clothing did imply that appellant was incarcerated, this would not be grounds for relief. The rule is that references to *past* criminal conduct is prohibited. The fact that an accused is incarcerated on the present charges does not imply past criminal conduct on his part. *Commonwealth v. Davis,* 308 Pa.Super. 398, 454 A.2d 595 (1982).

Appellant also urges us to find that counsel was ineffective for not introducing evidence during the suppression hearing that Ms. Thompson failed to identify appellant at the preliminary hearing. During trial, counsel did question the witness concerning this issue. At issue at a hearing to suppress an out-of-court identification is the reliability of the out-of-court identification, herein the photographic and lineup identifications. The relevant factors are the opportunity of the witness to view the criminal at the time of the crime, the witness's degree of attention at that time,

the level of certainty demonstrated at the time of the out-of-court identification, the time between the crime and the identification, and the suggestiveness of the identification process. *Commonwealth v. Ransome*, 485 Pa. 490, 402 A.2d 1379 (1979). Thus, the witness's failure to identify appellant at the preliminary hearing is not an appropriate basis on which to base a suppression order nor does such a failure to identify preclude her in-court identification of him. *Commonwealth v. Council*, 491 Pa. 434, 421 A.2d 623 (1980).

■ Appellant's final contention as to trial counsel's ineffectiveness concerns counsel's failure to give an opening statement to the jury. Appellant, however, does not argue how he was prejudiced by this decision other than to make a general allegation that the opening statement plays a critical role in the trial and that counsel's failure to give an opening statement was unreasonable. The test for ineffectiveness is whether some reasonable basis, designed to advance a client's interest, exists for an attorney's actions. *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967). Absent some factual showing that the alternatives not chosen offered a potential for success substantially greater than the particular course chosen, we cannot find ineffectiveness. *Commonwealth v. Pettus*, 492 Pa. 558, 424 A.2d 1332 (1981). No such facts have been alleged by appellant to show that counsel's decision not to give an opening statement was an unreasonable trial tactic or to show how it prejudiced appellant. *Commonwealth v. Nelson*, 311 Pa.Super. 1, 456 A.2d 1383 (1983).

■ Appellant also challenges the administrative procedure employed by the Philadelphia District Attorney's Office known as the Career Criminal Program. Appellant claims that cases in which the accused has certain prior convictions are assigned to one of three designated judges and this assignment effectively denies an accused his "right" to a non-jury trial because the trial judge knows the

accused has prior convictions. Appellant's argument must fail as it is based on an incorrect premise; an accused does not have an absolute right to a bench trial. *Commonwealth v. Sorrell,* 500 Pa. 355, 456 A.2d 1326 (1982); *Commonwealth v. Edney,* 318 Pa.Super. 362, 464 A.2d 1386 (1983). Further, the fact that the trial judge is aware of an accused's prior convictions does not automatically require that judge's recusal. *Commonwealth v. Edney, supra; Commonwealth v. Darush,* 279 Pa.Super. 140, 420 A.2d 1071 (1980); *see also, Commonwealth v. Davis,* 491 Pa. 363, 421 A.2d 179 (1980) (admission of evidence of prior convictions harmless error in bench trial since trial judge presumed to disregard inadmissible evidence). Appellant's other arguments with regard to the "Career Criminal" program are similarly unpersuasive.

■ Appellant next argues that the trial judge erred in giving a flight charge to the jury. We disagree. There was sufficient circumstantial evidence to show that appellant knew he was or would be accused of committing a crime and that he fled from the police. *See, Commonwealth v. Osborne,* 433 Pa. 297, 249 A.2d 330 (1969).

■ Finally, appellant argues that the sentencing court improperly considered a prior, reversed conviction. We agree.

Appellant here was previously convicted of murder as a juvenile. The Supreme Court of this Commonwealth reversed his conviction on constitutional grounds. On retrial he was found not guilty.

The law on this issue appears in *Commonwealth v. Calvert,* 463 Pa. 211, 344 A.2d 797 (1975): a sentencing judge may not consider a conviction overturned on appeal on constitutional grounds. Even the possibility of it having been impermissibly considered was sufficient in *Calvert* to require resentencing.

Appellant's case is even stronger. Here there is no doubt that the sentencing judge considered the constitutionally infirm conviction.[1]

"*Court:* I am making it very clear to you so that if I am wrong you will be able to get it reversed. I am giving great weight to the fact he has already been sentenced to life imprisonment, that he was already convicted of shooting someone." (N.T. Sentencing, P. 6).

As we read *Calvert* to require it, judgment of sentence is vacated and the case remanded for resentencing without consideration of appellant's constitutionally infirm prior conviction.

MONTGOMERY, J. filed a concurring and dissenting opinion.

MONTGOMERY, Judge, concurring and dissenting:

I must respectfully dissent.

I agree with the majority that appellant should not be granted a new trial. I disagree, however, with the conclusion that appellant should be resentenced because the sentencing court considered a prior conviction that had been reversed on appeal.

In considering the prior conviction in the instant case, the sentencing judge stated:

... I read the decision myself. I think it was a 1975 decision. The defendant was found guilty of murdering another young boy by the use of a rifle, and I understand from reading the report that at the same time, or at the same incident, he paralyzed another boy by shooting him in the neck. Anyhow, it is my understanding from both the report Mr. Phipps sent and the case itself, he was

1. The exact nature of the constitutional infirmity is, of course, not relevant to the application of the rule of *Calvert.* The infirmity in *Calvert* was different than in appellant's reversal. But that is simply of no import for our purposes here.

seventeen at the time and he was arrested, interviewed, given *Miranda* warnings, and within a short time he made a statement implicating himself. He was tried before Judge Savitt, I think, and was found guilty of murder in the first degree and was given a life sentence. The Supreme Court reversed that decision, and the reason for the reversal was that the statement had not been made in the presence of an interested adult. Apparently the father arrived at or about the time that he was giving a written statement, and the Supreme Court suppressed the use of the statement and granted a new trial. At the second trial, he was found not guilty. I know that at the second trial the implicating statement would not have been used as evidence against him. TR. 3–4.

This court has consistently held that a sentencing court may properly consider prior arrests and concurrent charges (of which the defendant has been acquitted) as long as the court realizes that the defendant has not been convicted on those prior charges. *Commonwealth v. Bryant*, 312 Pa.Super. 379, 458 A.2d 1010 (1983); *Commonwealth v. Craft*, 304 Pa.Super. 494, 450 A.2d 1021 (1982); *Commonwealth v. Tisdale*, 233 Pa.Super. 77, 334 A.2d 722 (1975); *cf. Commonwealth v. Knepp*, 307 Pa.Super. 535, 453 A.2d 1016 (1982) (proper to consider that a defendant has been placed in A.R.D. program). It was this reasoning that led the sentencing judge in the instant case to consider appellant's prior conviction. From the portion of the sentencing transcript quoted above, it is quite clear that the sentencing judge was well aware that appellant's prior conviction had been reversed and that on retrial he was found not guilty. He had read the Supreme Court opinion and accurately summarized the circumstances of the case.[1] He did not consider the prior case as a conviction. It was one of the factors that led him to conclude that appellant was a danger to the community and that appellant had been "given an opportunity. He didn't use it." (Tr. 12) I do not believe

1. See, *Commonwealth v. Hailey*, 470 Pa. 488, 368 A.2d 1261 (1977).

that *Commonwealth v. Calvert*, 463 Pa. 211, 344 A.2d 797 (1975) mandates reversal under these circumstances.

In *Calvert*, the sentencing court considered prior convictions which, on appeal, were alleged to have been obtained in uncounseled proceedings. The convictions were considered *as prior convictions*. There is no indication that these past convictions had been reversed; indeed, it appears that the issue of Calvert's right to counsel in the prior cases was first raised in the proceeding at issue. Thus, the sentencing judge had considered as convictions prior convictions which apparently would have been reversed had appeals been taken. Our Supreme Court determined that this was improper and ordered resentencing without consideration of these convictions. I believe the remedy in *Calvert* must be confined to the particular facts of that case. Had Calvert appealed the prior convictions, received new trials with counsel, *Commonwealth ex rel. Goodfellow v. Rundle*, 415 Pa. 528, 204 A.2d 446 (1964), and been convicted on retrial, the sentencing judge could properly have considered that conviction as it would not have been constitutionally infirm. Since such was not possible, the remedy applied by the Supreme Court was the only feasible one. I do not believe *Calvert* stands for the proposition that a sentencing court can never consider a conviction which has been reversed, regardless of whether the sentencing court is aware of all the facts or not. Rather, I believe the authorities relied upon by the sentencing judge in the instant case and recited above are appropriate precedent for the action taken herein. Thus, I would permit consideration of the circumstances of the prior conviction as long as all of the facts are before the sentencing judge, as indeed they were here.[2] I would therefore affirm the judgment of sentence.

**2.** Although the distinction is not necessarily a part of my reasoning above, I would also note that appellant's prior conviction was not reversed on constitutional grounds. It was reversed because of a violation of the "interested adult" rule of *Commonwealth v. McCutchen*, 463 Pa. 90, 343 A.2d 669 (1975), which rule has recently been abrogated by our Supreme Court. See, *Commonwealth v. Williams*, 504 Pa. 511, 475 A.2d 1283 (1984); *Commonwealth v. Christmas*, 502 Pa. 218, 465 A.2d 989 (1983).