618 A.2d 1029

**COMMONWEALTH of Pennsylvania**

v.

**Richard GOLDMAN, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 24, 1992.

Filed Jan. 8, 1993.

Charles Kannebecker, Dingmans Ferry, for appellant.

Alan B. Cooper, Asst. Dist. Atty., Hawley, for Com.

Before KELLY, FORD ELLIOTT and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from judgment of sentence for receiving stolen property.[1] Appellant asserts that the trial court erred in admitting into evidence an inculpatory declaration against

1.  18 Pa.C.S.A. § 3925.

interest.[2]  For the reasons that follow, we reverse judgment of sentence and remand the case for a new trial.

The relevant facts are as follows.  On January 15, 1991, appellant purchased an IBM PS2 computer from two individuals who brought the computer to appellant's house at 11:30 p.m.  The computer had been stolen earlier that evening from the place of employment of one of the individuals.  The next day, appellant paid for the computer with a check made out to cash.

Appellant was subsequently charged with and convicted of one count of receiving stolen property.  Appellant filed post-trial motions which were denied, resulting in this timely appeal.

■  Appellant argues that the trial court improperly allowed the investigating police officer, Gary Williams, to testify that appellant's wife had told him during a conversation that "I knew we shouldn't have bought the computer because it was probably stolen."  Appellant's wife, Pam Goldman, was in the courtroom during this testimony but had not been called as a witness.  Appellant asserts that the statement should not have been admitted into evidence because (1) the hearsay exception for admissions requires that the declarant be unavailable, (2) a prior inconsistent statement of a witness cannot be introduced before the witness is called to testify, (3) the introduction of the statement was in violation of the confrontation clause of the United States Constitution, and (4) a declaration against penal interest is not admissible to inculpate the defendant.  Because we find that the statement was inadmissible hearsay, we reverse.

■  The Commonwealth initially asserts that the statement was properly admitted as an admission against penal interest. An admission against penal interest is a recognized exception to the hearsay rule.  *Commonwealth v. Davis,* 308 Pa.Super. 398, 402, 454 A.2d 595, 597 (1982).  To satisfy that exception,

2.  Appellant presents eight issues for our review.  However, in light of our disposition of the first claim, we need not consider the remaining issues.

the party seeking to have the testimony admitted must demonstrate that the statement was against the declarant's penal interest at the time the statement was made and the declarant must be unavailable at the time of trial. *Commonwealth v. Colon,* 461 Pa. 577, 337 A.2d 554 (1975), *cert. denied,* 423 U.S. 1056, 96 S.Ct. 788, 46 L.Ed.2d 645 (1976). *Movie Distributors Liquidating Trust v. Reliance Ins. Co.,* 407 Pa.Super. 588, 593, 595 A.2d 1302, 1305 (1991), *appeal denied,* 529 Pa. 658, 604 A.2d 249 (1992). Moreover, " '[s]uch declarations must be made 'under circumstances that provide considerable assurance of their reliability in order to be admissible . . . .' " *Commonwealth v. Davis,* 308 Pa.Super. at 402, 454 A.2d at 597 (citations omitted).

Pennsylvania has no precise definition of "unavailable." However, our courts have found unavailability where a witness is deceased, *Rudisill v. Cordes,* 333 Pa. 544, 5 A.2d 217 (1939), invokes the fifth amendment privilege not to testify, *Commonwealth v. McCracken,* 373 Pa.Super. 90, 540 A.2d 537 (1988), *aff'd,* 524 Pa. 332, 572 A.2d 2 (1990), or cannot be found, *Movie Distributors Liquidating Trust,* 407 Pa.Super. at 593, 595 A.2d at 1305. Here, the Commonwealth has failed to establish that Pam Goldman was unavailable.

To support its claim of unavailability, the Commonwealth points only to appellant's statement in his brief that defense counsel called Ms. Goldman to testify only in response to the testimony of the police officer. The Commonwealth further argues that "it must be presumed that had she been called by the Commonwealth, she would have exercised her privilege not to testify against her husband pursuant to 42 Pa.C.S.A. § 5913." Commonwealth Brief at 10. On this basis, the Commonwealth concludes that Ms. Goldman was unavailable to testify. We disagree. The Commonwealth offers absolutely no support for this assumption and we cannot speculate as to whether or not Ms. Goldman *would have* invoked the marital privilege. Accordingly, as Ms. Goldman was in the courtroom during trial, and was present when Officer Williams testified regarding her statement, we conclude that she was

available to testify. Thus, the statement was not admissible as a statement against penal interest.

■ In the alternative, the Commonwealth argues that the statement is admissible as a prior inconsistent statement of a testifying witness pursuant to *Commonwealth v. Brady*, 510 Pa. 123, 507 A.2d 66 (1986). In *Brady*, the Supreme Court held that "prior inconsistent statements of a declarant who is a witness in a judicial proceeding and is available for cross-examination may be used as substantive evidence to prove the truth of the matters asserted therein." *Id.* at 131, 507 A.2d at 70. However, the statement at issue does not meet the procedural requirements for admissibility set forth in *Brady*.

This court recently found *Brady* inapplicable to a case with facts similar to those of the instant matter. In *Commonwealth v. Sopota*, 403 Pa.Super. 1, 587 A.2d 805 (1991) (en banc), *appeal denied*, 528 Pa. 629, 598 A.2d 283 (1991), we held that a prior inconsistent statement was inadmissible hearsay in the prosecution's case-in-chief where the witness did not testify, even though the witness subsequently testified in the defendant's case. We stated that "the dictates of *Brady* were violated by the trial court's allowance of [the witness's] statement to be introduced for its substantive value *prior to her taking the stand and recanting her testimony.*" *Id.*, 403 Pa.Super. at 11, 587 A.2d at 809 (emphasis added). *Sopota* also specifically rejected the Commonwealth's argument that any error was cured when the defendant called the declarant as a witness.[3]

Moreover, we note that the Supreme Court in *Commonwealth v. Lively*, 530 Pa. 464, 610 A.2d 7 (1992) recently limited *Brady*, holding that a prior inconsistent statement may

---

**3.** *Brady* requires the declarant to be a witness at the time the prior inconsistency is present. Implicitly, *Brady* also requires that the indicia of reliability which make a prior statement of a non-party witness admissible for its substantive value must be present when that statement is presented. Therefore, it is of no consequence that that same witness is later placed on the stand as part of appellant's defense. Thus, the Commonwealth's error was not cured by appellant's use of Ms. Kluk as a witness in his behalf.
*Sopota*, 403 Pa.Super. at 11, 587 A.2d at 810.

be used as substantive evidence "only when the statement is given under oath at a formal legal proceeding; or the statement had been reduced to a writing signed and adopted by the witness; or a statement that is a contemporaneous verbatim recording of the witness's statements." *Id.* at 465, 610 A.2d at 8. None of these prerequisites were satisfied by the unrecorded oral statement of Ms. Goldman in the instant case.

Having found Pam Goldman's statement inadmissible, we must now determine whether, as the Commonwealth and trial court assert, any error was harmless. A trial error is considered harmless only if the appellate court is convinced beyond a reasonable doubt that the error was harmless. *Commonwealth v. Story,* 476 Pa. 391, 383 A.2d 155 (1978).

Appellant was found guilty of receiving stolen property which is defined as follows:

A person is guilty of theft if he intentionally receives, retains, or disposes of movable property of another *knowing that it has been stolen, or believing that it has probably been stolen,* unless the property has been received, retained, or disposed with intent to restore it to the owner.

18 Pa.C.S.A. § 3925 (emphasis added). We find that the improper introduction of a statement made by appellant's wife that attributes to appellant possible knowledge or suspicion that he has been involved in criminal activity as defined above cannot be harmless error. Accordingly, we reverse judgment of sentence and remand the case for a new trial.

Judgment of sentence reversed. Remanded for new trial. Jurisdiction relinquished.