458 A.2d 1010

**COMMONWEALTH of Pennsylvania**

v.

**Alan Thomas BRYANT, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 29, 1982.

Filed April 15, 1983.

380

Richard Eric Moose, West Chester, for appellant.

Phyllis R. Streitel, Assistant District Attorney, West Chester, for Commonwealth, appellee.

Before SPAETH, WICKERSHAM and CIRILLO, JJ.

WICKERSHAM, Judge:

This appeal arises out of Alan Thomas Bryant's challenge to the sentence he received after pleading guilty to rape and other offenses. On August 9, 1980, Bryant was charged with rape, robbery, kidnapping, unlawful restraint, false imprisonment, aggravated assault, simple assault, terroristic threats, recklessly endangering another person, firearms violations, theft and criminal conspiracy. Bryant was later charged with involuntary deviate sexual intercourse.[1]

Bryant, along with a codefendant, entered an open plea of guilty to the charges of rape, robbery, kidnapping, aggravated assault, involuntary deviate sexual intercourse and conspiracy. The judge below, the Honorable Dominic T. Marrone of the Chester County Court of Common Pleas, con-

1. Appellant herein, Alan Thomas Bryant, was sentenced to a term of imprisonment, payment of a fine and probation as a result of pleading guilty to rape and other offenses; the sentence was given on January 20, 1981. A notice of appeal to this court was filed on February 19, 1981, within the 30 day period allowed by Pa.R.A.P. 903.

ducted a guilty plea colloquy with Bryant. President Judge Marrone accepted Bryant's plea and deferred sentencing.

On January 20, 1981, Bryant was sentenced to pay a fine and undergo a five to ten year term of imprisonment on the rape charge. A five to ten year sentence was imposed on the robbery charge but this sentence was to be served concurrently with the rape sentence. The other charges against Bryant resulted in a ten year probation period to be served consecutively to the rape sentence.

Bryant's counsel filed a motion for reconsideration of sentence on January 27, 1981. The motion stated that Bryant had been prejudiced by the Assistant District Attorney's reference to the race of the victim and that the sentencing judge erred by considering Bryant's prior arrests, the surrounding circumstances of which were allegedly not fully explained in the presentence report. Bryant filed a timely notice of appeal. On April 24, 1981, the lower court dismissed Bryant's application for reconsideration of sentence.

The facts presented to the court at the hearing on Bryant's guilty plea showed that on August 9, 1980 the victim was working the midnight to eight shift at a store in Lower Oxford Township, Chester County. At approximately five a.m. two men, Bryant and his codefendant, entered the store and demanded at gun point that the victim give them the money in the cash register. The victim gave Bryant the money and Bryant ordered her, again at gunpoint, into a car with Bryant and the codefendant.

Bryant drove off with the victim. Both Bryant and his codefendant had sexual intercourse with the victim; Bryant also committed an act of involuntary deviate sexual intercourse with the victim. The victim tried to escape but Bryant choked her into unconsciousness. When she recovered the codefendant told her he had saved her life and that he wanted to have sex with her. The victim, by this time wearing only a torn shirt, ran across the fields and got help. Bryant and the codefendant pleaded guilty to charges arising out of this episode and this appeal followed.

Bryant's sole contention in this appeal is that the sentencing judge erred in considering Bryant's prior arrests when imposing sentence. At sentencing the judge stated:

> These, of course, are very serious offenses, and, while this man has no record of convictions, we have also looked at his character in the past, and there have been some charges which were disposed of in other fashions. Record, 1/20/81 at 13.

Bryant argues that the sentencing judge's reference to Bryant's prior arrests was ambiguous and that the judge should not have used the mere happening of an arrest to assess Bryant's character.[2]

As Judge Spaeth wrote in *Commonwealth v. Smith,* 250 Pa.Super. 537, 542–43, 378 A.2d 1278, 1281 (1977): "At the sentencing hearing, appellant did not dispute the pre-sentence report. Thereby he waived his right to put the Commonwealth to further proof." *See also, Commonwealth v. Cruz,* 265 Pa.Super. 474, 402 A.2d 536 (1979). If Bryant disputed the contents of the report or its use, he should have objected at sentencing.

Bryant's contention is meritless, in any event. In *Commonwealth v. Shoemaker,* 226 Pa.Super. 203, 313 A.2d 342 (1973), aff'd on other grounds, 462 Pa. 342, 341 A.2d 111 (1975) the sentencing judge used a pre-sentence report which showed that the defendant had been arrested several times but did not show the disposition of the arrests. In an

---

2. In the presentence investigation report filed with the Court there is, under the heading "prior record", a notation that on March 23, 1976 the Appellant was arrested and charged with criminal attempt, aggravated assault, recklessly endangering another person and criminal conspiracy. The report states that on April 13, 1976 the charges were dismissed because a witness failed to appear for a hearing. The report also notes an arrest on June 7, 1980 for aggravated assault and simple assault and that these charges were dismissed at the preliminary hearing without stating the reason for the dismissal. A copy of the Appellant's record from the Central Repository, Records and Identification Division of the Pennsylvania State Police was included in the presentence investigation report. This "rap sheet" reflected the arrests of March 23, 1976 and June 7, 1980.

Brief for Appellant at 5.

opinion by Judge Spaeth, this court noted that "there can be no doubt that the sentencing judge not only took into account the record of prior arrests, but regarded it as showing criminal conduct .... This use of the arrest record was error." *Id.*, 226 Pa.Superior at 212, 313 A.2d at 347.

"It has been held that a court, in imposing sentence may consider prior arrests ... as long as the court realizes that the defendant had not been convicted on those prior charges." *Commonwealth v. Craft*, 304 Pa.Super. 494, 500, 450 A.2d 1021, 1024 (1981). Here President Judge Marrone plainly stated that Bryant had no prior convictions as a result of the arrests. Thus, there was no error at sentencing.

Judgment of sentence affirmed.