J-A21031-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TRAVIS JOHNSON | : | |
| | : | |
| Appellant | : | No. 1384 EDA 2017 |

Appeal from the Judgment of Sentence Entered February 27, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-0014203-2014

BEFORE:  PANELLA, J., OLSON, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:            **FILED DECEMBER 13, 2018**

Travis Johnson appeals from the judgment of sentence entered on February 27, 2017. He contends that the trial court gave an inadequate instruction to cure comments made in the Commonwealth's closing argument and challenges the discretionary aspects of his sentence. We affirm.

The Commonwealth charged Johnson with aggravated assault, assault of law enforcement by firearm, carrying a firearm on public streets in Philadelphia, possession of firearm prohibited, and carrying a firearm without a license.[1] The facts giving rise to these charges are as follows.

On August 21, 2014, Johnson was riding his bicycle past two police vehicles occupied by Officer Matthew Smyth and Officer James Craig. Notes of Testimony (N.T.), 6/1/16, at 43-44. Officer Brian Nolan and his partner

---

[1] 18 Pa.C.S.A. §§ 2702(a)(1), 2702.1(a), 6108, 6105(a)(1), 6106(a)(1), respectively.

Officer Anthony Santulli were in another police vehicle nearby. *Id.* at 41. Officer Nolan noticed that as Johnson was passing their vehicle he was holding his waistband area. *Id.* at 46-48. Officer Nolan believed that Johnson was holding the butt of a gun. *Id.* at 52-53. Officer Nolan exited his vehicle and asked Johnson to stop and he complied. *Id.* at 50-51. Johnson then fled on his bicycle, while pulling at what Officer Nolan believed to be the butt of a gun. *Id.* at 52-53. While Johnson pedaled away, the chain of his bicycle broke and he continued to flee on foot. *Id.* at 53-54. Officer Nolan chased him and eventually they ended up in a field. While in the field Johnson fired what Officer Nolan described as a silver and black handgun once at Officer Nolan. *Id.* at 58, 62-63. The sound of the firearm discharging caused Officer Nolan's eardrum to pop but he was not otherwise injured. *Id.* at 64, 68. Officer Nolan returned fire, firing twice at Johnson, who then ran again and was eventually arrested by fellow officers. *Id.* at 66-67, 72. Officers recovered a "silver with black grip" handgun in a field that Johnson was observed running through. N.T., 6/7/16, at 97. There were no civilians on the street or in the area where Johnson ran or where he was arrested. N.T., 6/1/16, at 90-91.

During closing argument, the prosecutor argued the following: "If you say that Travis Johnson is not guilty, you look [Officer] Nolan in the eyes, and you're telling him he's a liar." N.T., Trial, 6/8/2016, at 86. The prosecutor also stated "[Officer Nolan] spent every day protecting that community. It's time to protect him." *Id.* at 97. Defense counsel objected to both statements and the court sustained both objections. *Id.* at 86, 97.

Prior to instructing the jury, the court asked defense counsel if there was anything she wanted to say regarding the sustained objections by the court. *Id.* at 98. Counsel suggested that the court instruct the jury "[t]hat they answer to nobody for their verdict . . . It's their job to judge the facts. They're not here to protect anybody. They're here to judge the facts." *Id.* at 99. The trial court stated that it would instruct the jury that "[y]our job is to follow the law as I instruct you, along with my other instructions, in evaluating the evidence to determine the facts in this case." *Id.* at 104. Both the Commonwealth and defense agreed to the curative instruction. *Id.* The court ultimately gave the following curative instruction:

> You should not regard as true any evidence which you find to be incredible, even if it is uncontradicted. Your determination of the facts should not be based on empathy for or prejudice against the defendant or the crime, nor on which attorney made the better speech, nor on which attorney you like better. Your job is follow the law as I instruct you, along with the other instructions in evaluating the evidence to determine the facts in this case.

*Id.* at 107-108.

The jury found Johnson guilty of the weapons offenses only and the trial court sentenced him to nine to 24 years' incarceration. Johnson filed a post-sentence motion which the trial court denied. This timely appeal followed.

On appeal, Johnson asks us to review the following issues:

I.    Did not the trial court err and abuse its discretion by issuing an inadequate curative instruction, after the prosecutor made improper remarks during the Commonwealth's closing argument – telling jurors that if they found [Johnson] not guilty they would be telling the officer "he's a liar," and that jurors had a duty to "protect" the officer, presumably from

> [Johnson] – statements that attempted to destroy the objectivity of the jury and deprived [Johnson] of his constitutional rights to due process, a fair and impartial jury, and a fair trial?
>
> II.    Did not the sentencing court abuse its discretion by imposing a manifestly excessive and unreasonable sentence that did not address the particular offense and the rehabilitative needs of [Johnson], where the court relied on impermissible sentencing factors, including past arrests, in violation of the Sentencing Code?

Johnson's Br. at 4.

First, Johnson challenges the adequacy of the trial court's curative instruction regarding the prosecutor's closing argument. However, since Johnson "did not object to the instruction, any claim in relation to its adequacy is waived." *Commonwealth v. Page*, 965 A.2d 1212, 1222 (Pa.Super. 2009).

In any event, even if Johnson had properly preserved this claim, we would reject it as meritless. The trial court's instruction adequately informed the members of the jury that it was their duty to follow the law and not make a decision based "on empathy for or prejudice against the defendant or the crime." N.T., 6/8/16, at 108. This was sufficient to counteract the prosecutor's comments that they protect the community and suggestions that if they found Johnson not guilty, it meant that Officer Nolan was a liar. We presume the jury followed these cautionary instructions and as such conclude no abuse of discretion by the trial court. *See Commonwealth v. Jones*, 668 A.2d 491, 504 (Pa. 1995) (holding cautionary instruction given was adequate since jury is presumed to have followed instruction and defendant expressed satisfaction of instruction by failing to object to the instruction).

Next, Johnson challenges the discretionary aspects of his sentence. Before we address the merits of this claim, we must engage in a four-factor analysis to determine whether: (1) the appeal is timely; (2) the issues presented were properly preserved; (3) the brief satisfies Pa.R.A.P. 2119(f);[2] and (4) a substantial question is presented. **See Commonwealth v. Radecki**, 180 A.3d 441, 467 (Pa.Super. 2018) (citing **Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa.Super. 2010)).

Here, Johnson's appeal is timely, but two of his claims were not preserved. Johnson maintains that the "trial court improperly considered the facts of Mr. Johnson's arrests" and his sentence is excessive "because of the consecutive nature of the sentence." Johnson's Br. at 13. However, he did not raise these issues with the trial court and therefore they are waived. **See** Pa.R.A.P. 302(a) (providing issues not raised before trial court are waived on appeal). Even if these issues were properly preserved for appellate review, they are meritless.

First, a court may consider arrests when imposing sentence "as long as the court realizes that the defendant had not been convicted on those prior charges." **Commonwealth v. Bryant**, 458 A.2d 1010, 1012 (quoting **Commonwealth v. Craft**, 450 A.2d 1021, 1024 (Pa.Super. 1981)). Here, the

---

[2] "An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." Pa.R.A.P. 2119(f).

trial court recognized that Johnson had both arrests and convictions but it did not give the same weight to arrests as it did for convictions. **See** N.T., Sentencing, 2/27/17, at 38.

Second, it is within the court's discretion to impose a consecutive sentence. While Johnson maintains that by imposing consecutive sentences the trial court "double[-]counted Mr. Johnson's prior record and also the offense gravity," we disagree. Johnson's Br. at 29. It is true that courts are not permitted to double-count factors that have been included in the Sentencing Guidelines. **See Commonwealth v. Goggins**, 748 A.2d 721, 732 (Pa.Super. 2000) (*en banc*). However, they are permitted to "refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." **Commonwealth v. Griffin**, 804 A.2d 1, 10 (Pa.Super. 2002). The trial court sentenced Johnson on his "very unfortunate history," as well as the Pre Sentenced Investigation ("PSI") report, the memoranda from both counsel, and the facts of the case, all of which are permissible factors. The claim is meritless.

*Johnson's last claim is that that the "trial court imposed an excessive sentence that failed to consider Mr. Johnson's rehabilitative needs." This claim is preserved as it was raised in the post-sentence motion, Johnson's brief satisfies Pa.R.A.P. 2119(f), but the claim does not present a substantial question. **See Commonwealth v. Griffin**, 65 A.3d 932, 936 (Pa.Super. 2013) (claim that trial court failed to consider defendant's rehabilitative needs and therefore the sentence is manifestly excessive does not present

substantial question). Even if we considered this claim to raise a substantial question, no relief is due.

When we review the discretionary aspects of sentencing, "the proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion." **Moury**, 992 A.2d at 169 (quoting **Commonwealth v. Walls**, 926 A.2d 957, 961 (Pa. 2007)). An abuse of discretion is not found "merely because an appellate court might have reached a different conclusion." **Id.** at 170. Instead, an abuse of discretion exists where there is "manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." **Id.**

Johnson maintains that "[t]he court did not even try to address Mr. Johnson's rehabilitative needs or impose an individualized sentence." Johnson's Br. at 24. He contends that factors such as obtaining his GED, "growing up in a neighborhood surrounded by drug dealers and criminals," as well as participating in a substance abuse treatment program, were ignored by the court. **Id.** at 25-26. However, the record before us belies Johnson's claims.

Prior to imposing sentence the trial court considered the PSI which included the very mitigating factors that Johnson maintains the court ignored. Thus, we "presume that the sentencing judge was aware of relevant information regarding [Johnson's] character and weighed those considerations along with mitigating statutory factors." **Commonwealth v. Devers**, 546 A.2d 12, 18 (Pa. 1988). Additionally, as stated above, the court considered

both parties' sentencing memoranda, the facts and circumstances of the case, and Johnson's prior record score. N.T., Sentencing at 36. Specifically, the court stated the following:

> I've considered the presentence, the prior record score, the memorandums of counsel, as well all the facts and circumstances of this case and sentencing guidelines. I also am considering what I saw at that scene that day, the alley, the darkness that was there that night, not when we went there, and what occurred based on what I think the jury found, which was there was a chase and the defendant was found in that what I would call very disgusting corner of an ally with large fences, where the gun was later found after having been discarded.

*Id.* at 36-37.

The court was well aware of Johnson's upbringing based on the information in the PSI. However, it did not give it the weight that Johnson believes it should have been given. This does not make his sentence unreasonable; nor does it mean that the trial court completely ignored the mitigating factors as he suggests. We therefore find that the court acted within its discretion in sentencing Johnson.

Judgment of Sentence affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/13/18